58 So.2d 398

STATE ex rel. GROSCH, Criminal Sheriff, v. ECHEZABAL et al.

No. 40651.

March 24, 1952.

Eugene Stanley, R. A. Dowling, New Orleans, for relator.

Severn T. Darden, Dist. Atty., George J. Gulotta, Asst. Dist. Atty., New Orleans, for respondents.

HAMITER, Justice.

Assailed in this proceeding is an order issued by the six judges of the Criminal District Court for the Parish of Orleans, meeting in joint session, which recites:

"The judges of the Criminal District Court for the Parish of Orleans have this day, November 29th, 1951, ordered that beginning January 2nd, 1952, the Clerk of the Criminal District Court for the Parish of Orleans, in lieu of the Criminal Sheriff for the Parish of Orleans, shall execute all bail-bonds and approve or reject, as the case may be, securities tendered by sureties on bail-bonds.

    "(Sgd.)    William J. O'Hara,
               "Judge of Section 'A'.
    "(Sgd.)    George P. Platt,
               "Judge of Section 'B'.
    "(Sgd.)    Fred W. Oser,
               "Judge of Section 'C'.
    "(Sgd.)    Frank T. Echezabal,
               "Judge of Section 'D'.
    "(Sgd.)    J. Bernard Cocke,
               "Judge of Section 'E'.
    "(Sgd.)    Niels F. Hertz,
               "Judge of Section 'F'."

Following the issuance of this order, as well as the giving of formal notification thereof to the Attorney General of Louisiana to the Clerk of the Criminal District Court for Orleans Parish, and to the Criminal Sheriff for Orleans Parish, a written petition was filed before the six judges by John J. Grosch, the said Criminal Sheriff, in which he pleaded that such judges "are without jurisdiction ratione materiae to render the said order and that said order is ultra vires, null and void." Petitioner prayed that the Clerk of the Criminal District Court be made a party to the proceedings; that a hearing be had on his plea to the jurisdiction before the six judges in joint session; and that in due course the order of November 29, 1951, be recalled and set aside.

The requested hearing was granted and held on the plea to the jurisdiction, and at its conclusion a majority of the judges ruled that the petition of Sheriff John J. Grosch be dismissed. Concurring in the ruling were Judges Echezabal (presiding), O'Hara, Oser and Cocke; dissenting were Judges Platt and Hertz.

Thereupon, Sheriff Grosch invoked our supervisory jurisdiction with the view of having us compel the judges ultimately to rescind their order, he applying here for writs of certiorari, prohibition and mandamus. On the showing made in the application, we issued the writs of certiorari and prohibition, directing the six judges to transmit to this court the record of the

proceedings and staying execution of the order. Also, we directed them to show cause on February 29, 1952 why the relief prayed for in the application of relator should not be granted.

On the designated return date we were favored with a written response of the judges and a brief of relator, and the entire matter was submitted for our consideration and a decision thereon.

■ Section 83, Article 7, of the Constitution of 1921 provides in part:

"The judges of the said Criminal District Court for the parish of Orleans shall have power to act as committing magistrates in all felony charges and hold preliminary examinations with authority to bail, or discharge, or to hold for trial, in all cases before the said court, and shall have the power to adopt all necessary rules with respect thereto."

And, with particular reference to the subject of bail, the following statutory provisions are pertinent:

"The order admitting to bail may issue on the judge's own motion; it must be in writing, it must fix the amount of the bail-bond, designate the officer authorized to accept the sureties tendered by the person to be bailed and must be signed by the judge of the court before which it is the legal duty of the person to be bailed to appear; * * *." LSA-RS 15:91 (formerly

Article 91 of the Code of Criminal Procedure).

"The order admitting to bail is a special order, and the amount of bail must be specially fixed in each case, hence any general order authorizing the sheriff, or other officers, to take bail and fixing the amount thereof at a certain sum for particular crimes is illegal, and any bail-bond taken under such an order is of no effect." LSA-RS 15:92 (formerly Article 92 of Code of Criminal Procedure).

Clearly, the Constitution empowers the judges of the Criminal District Court to admit to bail, and the quoted statutory provisions authorize each of them to designate or name any proper officer, including the Criminal Sheriff or the clerk of such court, to accept the sureties tendered by the person to be bailed. But counsel for relator argue, to quote from their brief, that " * * * the Legislature has taken from the Judges of the Criminal District Court the right to designate anyone other than the Criminal Sheriff for the Parish of Orleans to accept bail bonds in the Criminal District Court." They say, in effect, that the above statutory authority to name any proper officer was impliedly withdrawn or repealed through subsequently enacted legislation, particularly LSA-RS 33:1433, 1520 to 1525, by which the Criminal Sheriff of Orleans Parish is permitted to appoint two bond clerks at a monthly salary of $225, and is authorized

to collect a fee of $1 "For taking appearance bond or recognizance bond, when required to do so".

The repeal of a statute by implication is not favored and will not be indulged if there is any other reasonable construction. Only an irreconcilable conflict between two statutes works a repeal by implication. State v. Standard Oil Company of Louisiana, 188 La. 978, 178 So. 601; Mouledoux v. Maestri, 197 La. 525, 2 So. 2d 11; State v. Randall, 219 La. 578, 53 So.2d 689. Viewed in the light of this well established rule of statutory construction, the legislation relied on here by relator does not impliedly change or repeal LSA-RS 15:91 and 92, under which each judge may designate any proper officer to take the bail, for there exists no conflict. The provision authorizing the Criminal Sheriff to appoint two bond clerks at $225 per month is from statutes carrying into effect Section 88 of Article 7 of the Constitution of 1921 relative to the fixing of salaries of various officers of the Parish of Orleans and City of New Orleans. And it is certain that the Legislature, in authorizing the appointments and fixing the salaries, was taking cognizance of the customary designation of the Criminal Sheriff as the officer to accept the bail and was merely affording him the assistance needed.

As to the legislation providing for the Criminal Sheriff's collection of a fee of $1 for taking an appearance or recognizance bond, its very language indicates plainly that the repeal contended for by relator was not intended. The provision specifically states that the fee is collectible by the Sheriff *when he is required* to take the bond. The requirement results, obviously, only when he is so designated and ordered by a judge pursuant to the provisions of LSA-RS 15:91 and 92.

Counsel for relator further contend, to again quote from their brief, that:

"Even if Article 91 [LSA-RS 15:91] should be construed to mean (and we respectfully contend that the cited legislative Acts prevent such a construction being placed on the article) that each individual Judge would have the right to designate anyone he saw fit to accept a Criminal Court bond, such a construction would not give the majority of the Judges of the Criminal District Court the right to adopt a rule or order binding on any other Judge of the Court who dissented from the adoption of such rule or order." (Brackets ours.)

The views of the respondent judges are in complete accord with this contention. In their written response to the rule issued herein, with respect to the assailed order of November 29, 1951 (above quoted), they say:

"The above order is a declaration of intention; its purpose was to put the Clerk of Court on notice and at the same time to give him, in some official

form, a warrant to expend from his budget the cost for the necessary printed material and record books, and generally to implement and to organize his office force to handle bail bond operations beginning on the date stipulated.

\*    \*    \*    \*    \*    \*

"It is respectfully stated that under the above law [LSA-RS 15:91 and 92] the order of November 29th, 1951, is not legally binding on the four judges of the court who acquiesced in said order, much less is it legally binding on the two judges who did not acquiesce therein. All of the Judges of the court are legally free to designate in the individual and respective bail orders and proper officer of their own choice and selection. As stated, the above order represents merely a free concession to a uniform and standardized procedure and we respectfully believe that a uniform and standardized bail procedure is in the best interest of the State and the individuals involved.

"We respectfully state that it was never the intention of the respective judges to do other than conform with R.S. 15:91 and 92, above, in future operations, as they have done in past operations, and to designate the officer authorized to accept the sureties and execute the bail-bond in the individual bail order in each case in which bail is allowed and fixed, as the law requires.

"Respondents further, respectfully, allege that it was made clear to counsel for relator upon presentation of his case to respondents that the above order was merely a declaration of intention to put the clerk of court on notice; had no legal effect; was not intended to designate or invest the clerk with authority to execute bail bonds; that the Clerk's authority would come later in the individual bail orders duly executed by the respective judges in the individual cases, as required by law." (Brackets ours.)

Had we known of the stated position of the respondent judges when our supervisory jurisdiction was originally invoked herein, very likely this matter would not be before us presently. We were not informed of it in the application of relator. Rather, therein he averred " \* \* \* that the Honorable Frank T. Echezabal, Presiding Judge (Section D) of said Court announced that the majority of said Judges had the right and authority under Article 91 of the Code of Criminal Procedure (now Section 15–91 Louisiana Revised Statutes of 1950, LSA) to enter the order directing the Clerk of the Criminal District Court, after January 2, 1952, in lieu of the Criminal Sheriff, to execute all bonds and approve or reject, as the case may be, securities tendered by sureties on bail-bonds." And the writs of certiorari and prohibition and the rule to show cause issued principally on the strength of this averment, we be-

ing inclined to the belief that the general order complained of was invalid under the law.

It now appearing conclusively that the respondent judges never intended such order to have any binding legal effect, and since they individually possess authority to designate any proper officer of their own choice to accept bail, relator is not entitled to the ultimate relief for which he prayed in his application.

For the reasons assigned the writs of certiorari and prohibition are recalled, and the rule to show cause is discharged.