REID, Judge.
William N. Fakier brought this mandamus action against the Mayor and Board of Aldermen of the City of Houma, Louisiana, to be recognized and reinstated as Chief of Police for the City of Houma, Louisiana.
The record in this case shows that' the plaintiff had been the Chief of Police since August 1, 1957 and, as admitted by the defendants by stipulation filed in the record, had been duly certified Chief of Police for the City of Houma by Municipal Fire and Police Civil Service Board on June 20, 1962, said certification having been made pursuant to Article 14, Section 15.1 of the Constitution of the State of Louisiana and LSA-R.S. 33:2471 et seq. On July 17, 1962 the plaintiff was informed by letter of that date signed by Conrad Picou, Mayor of the City of Houma, and Peter G. Bourgeois, Chairman of the Police Committee, that his services were terminated. The plaintiff appealed to the Municipal Fire and Police Civil Service Board, which Board had been created by Ordinance No. 2445 of the Mayor and Board of Aldermen of the City of Houma on August 9, 1961, under the authority of LSA-R.S. 33:2476, et seq. The Board heard the complaint at a public hearing held at Houma Central Fire Station on August 10, 1962, at which hearing plaintiff was present and accompanied by counsel. The City of Houma, the appointing authority, was not officially represented at the hearing. All the members of the Houma Municipal Fire and Police Civil Service Board were present at the hearing. The Board, for written reasons dated August 27, 1962, found the action of the appointing authority in terminating the services of William N. Fakier not in good faith for cause under the provisions of Section 15.1 of Article 14 of the Louisiana Constitution and ordered the immediate reinstatement and re-employment of the plaintiff to the office of Chief of Police for the City of Houma, said reinstatement and re-employment to be retroactive, and further ordered he be paid his regular salary from the time of dismissal. On August 28, 1962 plaintiff made formal demand on the defendants for said reinstatement, which was refused, and from this action plaintiff brought this proceeding. The case was tried on November 13, 1962 and for written reasons assigned judgment was rendered ordering the writ of mandamus to be made peremptory and the Mayor and Board of Aldermen for the City of Houma were directed to reinstate William N. Fakier to the office of Chief of Police for the City of Houma and to restore him to all rights, privileges and emoluments from July 17, 1962. From this judgment defendants appealed.
Defendants base their position on three basic propositions: (1) the Municipal Fire and Police Civil Service Board was not properly constituted as there was not strict compliance with the appointment proceedings of LSA-R.S. 33:2476, Subsection 3 of Ordinance No. 2445 of the City of Houma, which sections are identical in regard to the method of the appointment of the Board, and the oaths of the members of the Board were not properly filed; (2) defendants attack the constitutionality of LSA-R.S. 33:2481 insofar as it relates to the Police Department, maintaining it is an enlargement of Article 14, Section 15.1 of the Louisiana Constitution which authorized the passage of said legislation; and (3) defendants argue, that under Act 145 of 1958, a special act affecting the City of Houma, the Chief of Police serves at the pleasure of the Mayor and Board of Alder *287 men and such office is not under Civil Service.
In answer to the first contention of the defendants regarding the illegal constitution of the Board, plaintiff contends that even if said Board were not constituted in strict compliance with the statute and ordinance, it nevertheless is a de facto hoard and same cannot be attacked collaterally.
Both LSA-R.S. 33:2476, Subsection C, and the Ordinance of the City of Houma provide the Board shall be composed of five members, one appointed by the governing authority, two to be nominated and elected by and from the regular employees of the Fire and Police Departments, and two so-called public representatives to be appointed by the governing authority from a list of four nominees furnished by the executive head of a legally chartered and established institution of higher education located within the municipality, or, if no such institution is in the municipality, by the executive head of any such institution of the governing body’s choice within the State. The record is clear that in appointing the Houma Municipal Fire and Police Civil Service Board there was not strict compliance with the method of appointing the public members since the governing body submitted a list of four nominees to the President of Francis T. Nichols State College and instructed him to select two of the four names submitted, rather than the reverse, that is, the President submitting four names to the City Council for their selection of two nominees.
Defendants further contend the alleged Board members failed, after taking the oath of office, to have same filed at a proper place and in a proper manner as required by law, as the oaths were not filed with the Clerk of Court of the Parish in which the Board was located but were merely filed with the Secretary of the Board.
As mentioned previously, the answer of the plaintiff to this contention of the defendants is that regardless of whether or not there was strict compliance with the statute and regardless of whether or not the oaths should have been filed with the Clerk of Court, which latter fact plaintiff denied, nevertheless the Board was a de facto board and its action could not be attacked collaterally. The Trial Court held in connection with this point as follows:
“ * * * The record reveals that this present Board was appointed on or about October 31, 1961 as shown by Stipulation Exhibits 1, 2, and 3, and this Board has functioned since said period of time until the issue of its legality has been raised in this proceeding. A review of the record in this case as well as the applicable law convinces this Court that there has been a sufficient compliance with the law in the appointment of this Board and certainly sufficient compliance to make it at least a de facto board whose acts must be recognized under the holding of the Supreme Court in the case of State v. Hargis, 176 La. [179] 623, 154 So. 628. In the Hargis case the Clerk of Court for the Parish of St. John the Baptist failed to properly qualify for said office and this issue was raised in the case pending before the Court. In passing on this question the Court held him to be a de facto officer and stated:
“ ‘As long as he is in possession of the office he will be a de facto officer, and all acts performed by him in the exercise of his official functions and strictly within the limits of existing statutes will be considered legal. This is from considerations of public policy. The de facto doctrine was introduced into the law as a matter of policy and necessity to protect the interest of the public and individuals where those interests were involved in the official acts of persons exercising the duties of an office without being lawful officers. And the acts of an officer de facto are as valid and effectual where they concern the public in rights of third *288 persons until bis title to the office is adjudged insufficient.’ ”
In brief, defendants argue that “since this was a new Board, these alleged members are unable to take on the color of office which arose from a prior and valid member”, and we believe the answer to this to be found in 46 Corpus Juris, Section 373, page 1058; 67 C.J.S. Officers § 142, and the authorities therein cited, that:
“ 'The unauthorized assumption of an office by a person without any color of title may be sufficient to constitute him an officer de facto where he has occupied the office for a considerable length of time with the acquiescence of the public authorities and the public.’ ”
There is no question that the present Board had been acting as such since its creation October 31, 1961, and the record is clear that defendants in this case had or should have had knowledge of the hearing held by said Board, and, although not officially represented defendants were unofficially represented at the hearing. Defendants had the opportunity to raise the issue of the legality of the Board, or could have, as they should have done if they wanted to test the legality of the Board by filing a suit to try the right of office under the provisions of LSA-R.S. 42:76 et seq., rather than attempt to attack collaterally the legality of the Board.
It is well established under Louisiana jurisprudence that acts of a de facto officer cannot be attacked by collaterally bringing into question his title to the office. State v. Smith, 153 La. 577, 96 So. 127; State v. Phillips, 164 La. 597, 114 So. 171.
This Court is in agreement with the finding of the Trial Judge on this point that regardless of whether there was strict compliance with the law in constituting the Board, it was a de facto Board and, therefore, under the jurisprudence of this State it is the opinion of this Court its legality cannot be attacked collaterally in this proceeding.
Defendants also attack the constitutionality of LSA-R.S. 33:2481 insofar as it relates to police departments. They base their argument on Article 14, Section 15.1 as amended by Act 381 of 1940 which authorizes the Legislature of the State of Louisiana to provide for Civil Service in municipalities of certain populations. Pursuant to the amendment the Legislature enacted LSA-R.S. 33:2471-2508. It is the position of defendants that the constitutional article does not specifically cover police departments and, therefore, since LSA-R.S. 33:2481 includes police departments, the statute is unconstitutional as an enlargement of the constitutional provision which authorizes the passage of such legislation. The pertinent part of LSA-R.S. 33:2481 reads as follows:
“A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the municipal government or with an officer or employee thereof, and which has as its primary duty and responsibility one of the following :
(Fire)
“(1) The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire department.
* * *
(Police)
“(1) The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon, and company officers of the police department.
* * *
“B. The unclassified service shall comprise the following: * * * ”
The provisions of Article 14, Section 15.1 of the Constitution are identical with the exception that the section relating to *289 police is omitted. Defendants contend a comparison of the constitutional article and the statute clearly shows that stated statute dealing with classification of police is an enlargement of and is broader in scope than the constitutional provision which authorized passage of such legislation.
While it is true that section of LSA-R.S. 33 :2481 dealing with police is omitted from Article 14, Section 15.1(11) nevertheless a reading of the entire constitutional provision clearly shows it was the constitutional intent that the police department was meant to be included within the scope of the constitutional provision setting up a Police and Fire Civil Service Board.
Article 14, Section 15.1, Subsection 1, of the Constitution reads as follows:
“1. Applicability. This Section applies to any municipality which operates a regularly paid fire and police department and which has a population of not less than thirteen thousand nor more than two hundred fifty thousand according to the latest regular federal census for which the official figures have been made public.”
Article 14, Section 15.1, Subsection 16 contains the following pertinent language:
“Every person employed in the municipal fire and police services for a continuous period of at least six calendar months immediately preceding the date that this Section takes effect in the municipality, who was regularly and permanently appointed to a position coming under the classified service, shall be inducted into and bound under the classified service[s], the provisions of this Section, and the rules adopted hereunder.”
In addition as opined by the Trial Judge there is reference to the police department in Subsections 1, 2, 3, 5, 6, 7, 8, 9, 11, 16 and 22, of the said constitutional provision.
Further under Article 14, Section 15.1, Subsection 38, recognition of the validity of LSA-R.S. 33:2481 is shown. Subsection 38 reads as follows:
“This Section shall not be rendered ineffective by any general law affecting municipal employees or municipal departments in matters of classified civil service except that the applicability of this section shall be subject to and governed by the provisions of Section 15(W) and (U) of Article XIV of the Constitution, provided, * *
Subsection (W) of Section 15 of Article 14 of the Constitution, referred to under Subsection 38 quoted above, reads as follows :
“Provided however that nothing contained in (A) through (V) of this Section, nor any action therein authorized shall apply to or affect any officers or employees of any fire or police departments or the Municipal Fire and Police Civil Service System in the respective municipalities as outlined and established by R.S. 33:2471 through 33:2508 or by this Constitution if amended to establish and provide for a Municipal Fire and Police Civil Service System * *
Therefore, under Article 14, Section 15.1, the validity of officers and employees of any fire or police department or the Municipal Fire and Police Civil Service Board as set forth under LSA-R.S. 33:2471 through 33:2508, which includes 33:2481, the section at issue herein, is granted constitutional sanction, which fact is recognized under Article 14, Section 15.1, Subsection 38, of the Constitution.
It is, therefore, clear that R.S. 33:2481 as it covers police departments is not unconstitutional and police departments are included under Article 14, Section 15.1 of the Louisiana Constitution.
The final contention of defendants is that under the authority of Act 145 of 1958, the Chief of Police of the City of Houma is not governed by Civil Service. *290 This argument is based upon the following: The City of Houma was incorporated under the Lawrason Act of 1898, now LSA-R.S. 33:321 through 33:481. LSA-R.S. 33:381 reading as follows:
“The officers of every municipality shall be a mayor, aldermen, a marshal, a tax collector, a clerk and a street commissioner, * * *. The mayor and marshal in all municipalities shall be elected at large.”
»nd LSA-R.S. 33:423 reading as follows:
“The marshal shall be ex-officio a constable. Pie shall be the chief of police and shall perform all other duties required of him by ordinance.”
Therefore, as long as the City of Houma was under the Lawrason Act the marshal who was the chief of police, was an elected official. However, in 1958, Act 145, a special act applying to the City of Houma, was enacted. The pertinent portion reads as follows:
Section 1. That the Board of Aldermen of the City of Houma shall have power to elect a Marshal, with such duties and salary as shall be fixed by the Board of Aldermen of the City of Houma. He shall serve at the pleasure of the Board of Aldermen.”
The defendants contend that this Act made the office of marshal or chief of police elective by the Board of Aldermen. The Trial Judge, in passing on this question, merely stated that as the word marshal was used the act applied to the election of marshal and did not apply to the office of chief of police. However, in view of the fact that under the Lawrason Act, which this Act replaced, the marshal was considered the chief of police, it was the opinion of this Court that the officer covered by Act 145 of 1958 was in truth, and in fact the chief of police and the Trial Court’s reasoning in this regard is in error. However, it is the opinion of this Court that under Article 14, Section 15.1 of the Constitution members of a police department in cities the size of the City of Houma are covered by the Municipal Fire and Police Civil Service System and the Legislature could not by the passage of Act 145 of 1958 remove the chief of police from the constitutional protection granted him by Article 15, Section 1 and by LSA-R.S. 33:2481, the validity of which is recognized by Article 14, Section 15 of the Constitution. Therefore, it is the opinion of this Court that the provisions of Act 145 of 1958 doing away with the election of a marshal or chief of police and permitting the Board of Aldermen to appoint one does not remove that office from the protection of Civil Service.
For the above and foregoing reasons the judgment of the Trial Court is affirmed.
Affirmed.