166 So.2d 257

**William N. FAKIER**

**v.**

**Conrad PICOU, Mayor, et al.**

**No. 47067.**

July 1, 1964.

Borowski & McMahon, by Ted J. Borowski, Houma, for defendants-appellants.

H. Minor Pipes, Ralph D. Dwyer, Jr., New Orleans, for plaintiff-appellee.

HAMITER, Justice.

In this mandamus proceeding, instituted against Mayor Conrad Picou and the Board of Aldermen of the City of Houma, Wil-liam N. Fakier seeks reinstatement as Chief of Police for the named city. From such position the defendants purportedly re-moved him by a letter of dismissal of date July 17, 1962.

The district court ruled that the office of plaintiff was within the classified service of Houma's Municipal Fire and Police Civil Service System and that, therefore, he could not be summarily dismissed. Ac-cordingly, it decreed his reinstatement to such office and that he be restored to the rights, privileges and emoluments thereof from the date of the dismissal.

On an appeal to the Court of Appeal, First Circuit, the judgment was affirmed. 158 So.2d 285.

At the instance of defendants we grant-ed certiorari; however, our review was limited to a consideration of the question of whether the plaintiff, as Houma's Chief of Police, is a classified civil service em-ployee. 245 La. 636, 160 So.2d 227. (While the case was pending in this court Mayor Picou died; and, pursuant to a joint mo-tion of the parties litigant, his successor, Leslie J. Broussard, was substituted in his stead).

The City of Houma was incorporated under the Lawrason Act, being Act No. 136 of 1898. That statute is now LRS 33:321–481, and the provisions thereof per-tinent here read: Section 381—"The offi-cers of every municipality shall be a mayor,

aldermen, a marshal, a tax collector, a clerk and a street commissioner. * * * The mayor, aldermen, and marshall shall be elected by the people, * * *." Section 423—"The marshal shall be ex-officio a constable. He shall be the chief of police and shall perform all other duties required of him by ordinance."

The record shows that the plaintiff became Houma's Chief of Police on August 1, 1957, and he performed all of the duties of that office continuously until the issuance of the letter of dismissal dated July 17, 1962. Upon the promulgation of the federal census of 1960, which disclosed that the City of Houma then had a population in excess of 13,000, the Municipal Fire and Police Civil Service Law, being LRS 33:2471–2508 (originally Act No. 102 of 1944), automatically became operative in such city. Section 2481 of that law provides, among other things, as follows: "A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the municipal government or with an officer or employee thereof, and which has as its primary duty and responsibility one of the following:

"(Fire)

* * * * * *

"(Police)

"(1) The chief and assistant chiefs; * * *."

[Article 14, Section 15.1 of the Constitution of Louisiana, adopted as an amendment in 1952, virtually tracked the language of such legislative enactment, and gave constitutional status to the Municipal Fire and Police Civil Service System, except that it omitted a list of the classifications of the police personnel. However, considering the language of the 1952 amendment in its entirety, and the particular recognition in its Section 4 of the above mentioned statutory provisions, it is abundantly clear that the omission was a clerical oversight and wholly unintentional. Nevertheless, the effect of the omission gave rise to some of the divergent views of the opposing litigants herein. Thus, reference to the opinion of the Court ·of Appeal will show that a part of the defendants' case is based on the lack of the list of police personnel in the constitutional amendment. But such court, in answering the contention, treated the matter as if the missing classifications had been actually contained therein. In this connection, in their application to this court, the defendants assigned as error this allegedly unwarranted usurpation by the judiciary of a legislative function; and the assignment was largely responsible for our issuing the writ of certiorari. But, after further study of the issue, we are

satisfied that in view of the civil service statute the result reached by the Court of Appeal (as well as that by the district court) was correct. Accordingly, we rest our decision on the pertinent statutory provisions, rather than on the discussed constitutional amendment. Incidentally, we think it appropriate to respectfully observe that the Legislature should, without undue delay, take steps to remedy the above mentioned clerical oversight and defect.]

On August 9, 1961 the governing authority of Houma, pursuant to LRS 33:2476 and with recognition of the automatic operation of the Civil Service Law, enacted Ordinance Number 2445 which created the Houma Fire and Police Civil Service Board, provided for the appointment of the members thereof, and authorized such Board to adopt and maintain classification plans for both the fire and police services of the city. In due course the Civil Service Board, on June 20, 1962, certified the plaintiff as the holder of the classified position of Houma's Chief of Police. His attempted dismissal, as above noted, occurred thereafter on July 17, 1962. Later, he appealed to the Houma Fire and Police Civil Service Board which ordered his reinstatement with back pay. When the defendants refused to abide by the order this mandamus suit followed.

As we have seen, Houma's Chief of Police in 1957 (when the plaintiff assumed the office) was not an appointive position;

it was one to which the holder thereof was elected by popular vote. However, in 1958 the Legislature enacted Act No. 145, it relating to the City of Houma only and providing: "Section 1. That the Board of Aldermen of the City of Houma shall have power to elect a Marshal, with such duties and salary as shall be fixed by the Board of Aldermen of the City of Houma. He shall serve at the pleasure of the Board of Aldermen.

"Section 2. That the Marshal of the City of Houma presently elected by the people of the City of Houma shall serve out his term but upon any vacancy hereafter arising in said office either by resignation, expiration of the term, or otherwise, the said office shall be hereafter filled by election of the Board of Aldermen of the City of Houma.

"Section 3. That all laws or parts of laws in conflict herewith be and they are hereby repealed."

In their brief to this court the defendants point to the circumstances that at the time this act was passed the population of Houma had already reached the 13,000 figure; that it was then evident that following the promulgation of the next federal census of 1960 civil service would immediately become effective in Houma; and that obviously the Legislature, when passing such statute, was aware of this situation. From this they argue that the act was intended to (and did) have the effect of repealing

the Civil Service Law insofar as the position of Marshal-Chief of Police was concerned, as well as of reconstituting that position as a politically appointive one as contrasted with one affected by civil service.

 Assuming the existence of all of the circumstances pointed to by the defendants, however, we entertain an entirely different view of the purpose and effect of Act No. 145 of 1958. We have no doubt but that the awareness of the imminent automatic operation of civil service in Houma was responsible for that statute's enactment; but we have concluded that the purpose and effect thereof was to insure civil service protection to the Marshal-Chief of Police of that municipality. We have reached this conclusion (after a careful analysis of the provisions of the applicable civil service statute) because there is considerable doubt in our minds that a chief of police elected by popular vote (such as was this plaintiff prior to the 1958 statute) would be "blanketed in" along with the appointed personnel upon the automatic operation of the law. For example, LRS 33:2481, subd. B discloses that the *unclassified service* includes "Officers elected by popular vote * * *." Again, LRS 33:2483 and 2485 tend to indicate that only those positions which were appointive, and the employees who served by appointment, would be covered by civil service.

Hence, prior to the 1958 statute it was by no means certain that Houma's Chief of Police, who was initially elected by popular vote, would automatically become a classified civil service employee (in fact, the defendants, pointing to some of the statutory provisions, insist that as an elected Chief of Police this plaintiff was excluded from the provisions of civil service). And the only way to insure his coverage was to make the office an appointive one which was done. Therefore, our conclusion is that the intent, purpose and effect of Act 145 of 1958 was not to repeal a part of the Civil Service Act (it was then inapplicable to Houma) so as to prevent the Chief of Police from becoming covered by civil service; rather, the statute proposed to *amend the provision of the Lawrason Act* relative to the selection of such Marshal-Chief of Police (which it clearly did) so as to make the position an appointive one and to bring it within the operation of civil service.

Contrary to the contention of defendants, that part of the 1958 act which provides that the Marshal shall serve at the pleasure of the Board of Aldermen is not indicative of an intent to affect his status in regard to civil service; it is the usual provision found in statutes dealing with the subject matter of appointments. Besides, quite probably the provision was inserted with the view of its pertaining to the interim

that would occur before civil service became effective.

 The result reached by us is in keeping with the well settled principle of statutory construction, recognized on innumerable occasions by this court, that all statutory provisions are to be given effect wherever possible, and that if statutes can be reconciled by a fair and reasonable interpretation such should be done. This is because the repeal of a statute by implication is not favored. State ex rel. Grosch v. Echezabal et al., 220 La. 1101, 58 So.2d 398 and the cases cited therein. See also State v. Standard Oil Company of Louisiana, 188 La. 978, 178 So. 601 wherein we said " * * * that prior laws are repealed by subsequent laws only in case of positive enactment or clear repugnancy * * *; that nothing short of irreconcilable conflict between two statutes works a repeal by implication * * *."

Of course, as we have pointed out, Act 145 of 1958 is in irreconcilable conflict with that part of the Lawrason Act which requires the election of the marshal-chief of police by popular vote (above quoted) ; and to that extent it has repealed such provision insofar as the City of Houma is concerned. But, as aforeshown, it does not necessarily conflict with the provisions of the Municipal Fire and Police Civil Service Law; and the interpretation we have placed on the act provides harmony and effectiveness for both statutes.

Consequently, on the date when the Civil Service Law took effect in Houma the position of Marshal-Chief of Police held by the plaintiff was an appointive one, and he occupied that position by appointment. And it follows that at such time the office fell within the classification of LRS 33:2481, and the incumbent plaintiff was inducted into and bound under the classified service.

For the reasons assigned the decree of the Court of Appeal, which approved the judgment of the district court, is affirmed.