396 So.2d 348 (1981)
INNISWOLD-JEFFERSON TERRACE CIVIC ASSOCIATION, INC.
v.
LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY, INC. and East Baton Rouge Parish Planning Commission.
No. 14040.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
*349 Michael R. Connelly, Baton Rouge, for plaintiff-appellant Inniswold-Jefferson Terrace Civic Association, Inc.
John R. Tharp and A. S. Easterly, III, Baton Rouge, for defendant-appellee Louisiana Health Services and Indemnity Company, Inc.
James J. Zito, Asst. Parish Atty., Baton Rouge, for defendant-appellee East Baton Rouge Parish Planning Commission.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is a suit by the Inniswold-Jefferson Terrace Civic Association, Inc. for an injunction to prohibit the connection of two Baton Rouge subdivision streets to a commercial development proposed by Louisiana Health Services and Indemnity Company, Inc. (Blue Cross). From a trial court judgment recalling a temporary restraining order and refusing to issue a preliminary or permanent injunction, the plaintiff appeals.

FACTS
In 1979 Blue Cross submitted plans to the East Baton Rouge Parish Planning Commission (Planning Commission) for the development of a tract of commercial property adjacent to Inniswold Estates and Jefferson Terrace Subdivisions. The plat submitted with Blue Cross' request indicated that two streetsSouth Floynell and Upton would be ultimately tied in to the commercial development. In connection with its proposal, Blue Cross also submitted names of property owners adjacent to the proposed development.
On December 10, 1979, the Planning Commission held a public hearing on the Blue Cross proposal. About a week and a half prior to the meeting the adjacent property owners were notified of the public hearing by regular mail. The written notice stated that a preliminary plat for a development known as Blue Cross Plaza would be considered by the Planning Commission. The notice also contained a general statement regarding Planning Commission procedure during public hearings, as well as the time and place of the hearing.
The minutes of the December 10, 1979, hearing show that the street layout on the preliminary plat was approved by the Planning Commission on an 8 to 0 vote, with one member absent. The minutes do not reflect that anyone appeared in opposition to the tying in of the two streets. The motion to approve the street layout also provided that action would be deferred on Blue Cross' proposal to place T-turnarounds in the parking lots of the development in lieu of cul-de-sacs, which are circular turnarounds generally required by the Baton Rouge subdivision ordinance.
On March 10, 1980, another public hearing was held on the Blue Cross Plaza development for the purpose of considering Blue Cross' request to tie its project into a third subdivision street, West Inniswold Road, which had been deleted at the prior hearing. The second hearing was also held to consider the placement of T-turnarounds in lieu of cul-de-sacs in the parking area. The minutes of that hearing show that no one appeared in opposition to the proposal, which was approved 6 to 0 with three members *350 absent. This hearing did not involve the tie-ins to South Floynell and Upton Streets which had been approved at the prior hearing.
At the request of Baton Rouge City Councilman Michael Roubique, who represents the residents of Inniswold and Jefferson Terrace Subdivisions on the council, the Planning Commission held a third public hearing on the Blue Cross development on April 7, 1980. The minutes show that some 75 to 80 persons appeared at the hearing, some of whom objected to the street tie-ins and complained that they were unaware the tie-ins had been approved at the December 10, 1979, hearing. After listening to the comments, the Planning Commission voted to delete the connection to West Inniswold but to reaffirm the approval it had given to the other street layouts at the December 10 hearing. The vote was 5 to 2, with two members absent.
The final hearing on the Blue Cross Plaza Development was held on May 5, 1980, at which time the Planning Commission refused to reconsider its prior actions.
The Inniswold-Jefferson Terrace Civic Association, Inc. brought this suit on May 22, 1980. The plaintiff seeks a preliminary and permanent injunction to prohibit the Upton and South Floynell tie-ins. The plaintiff claims that irreparable harm would be incurred if the street tie-ins are allowed because additional traffic would threaten the residential integrity of the neighborhood and the safety of children in the area. The suit also claims that the Planning Commission is illegally constituted because some Planning Commission members are also members of other public bodies in violation of the dual office holding law. (La.R.S. 42:61 et seq.)
The suit further asserts that the Planning Commission failed to give adequate notice of the hearings as required by La.R.S. 33:113. A temporary restraining order prohibiting the pouring of concrete for the street tie-ins was issued but was ultimately recalled when the preliminary and permanent injunctions were refused.
This appeal followed. The plaintiff claims the trial court erred: (1) in denying plaintiff's request for a preliminary injunction on the ground that the plaintiff failed to carry its burden of proof on the issue of whether adequate public hearings were held as required by La.R.S. 33:113; (2) in denying the plaintiff the right to present its evidence; (3) in denying the plaintiff's request for a preliminary injunction and ruling that the Planning Commission was legally constituted; and (4) in deciding that plaintiff failed to carry its burden of proof on the issue of irreparable injury.

ADEQUATE PUBLIC HEARINGS
The gravamen of the plaintiff's complaint in this respect is that the notice sent to adjacent property owners contained no indication that the street tie-ins were to be considered at the hearing. The plaintiff claims that the street tie-ins were the most important question confronting the residents of the subdivision but that the tie-ins were not reflected in the notice, the discussion at the December hearing or in the minutes of the Planning Commission. Additionally, the plaintiff claims that the preliminary plat submitted by Blue Cross contains no notation specifically concerning the Upton and South Floynell tie-ins. The plat uses dotted lines to show that the Upton and South Floynell tie-ins will be made to the Blue Cross development in the future.
La.R.S. 33:113 provides:
"A planning commission shall approve or disapprove a plat within sixty days after the submission thereof to it; otherwise such plat shall be deemed to have been approved, and a certificate to that effect shall be issued by such commission on demand. The applicant for a commission's approval may, however, waive this requirement and consent to an extension of such period. The ground of disapproval of any plat shall be stated upon the records of such commission. Any plat submitted to such commission shall contain the name and address of a person to whom notice of a hearing shall be sent; and no plat shall be acted on by such commission without affording a hearing *351 thereon. Notice shall be sent to the said address by certified mail of the time and place of such hearing not less than five days before the date fixed therefor. Similar notice shall be mailed to the owners of land immediately adjoining the platted land, as their names appear upon the parish assessment rolls and, in the case of a parish planning commission, as such owners' addresses appear in the directory of the parish; provided, however, that in parishes or municipalities with a population in excess of one hundred fifty thousand, the public hearing may be waived by the planning commission or planning authority for subdivisions creating five or less lots not involving the creation of any new streets, and provided further that the provisions in such waivers shall be clearly set forth in the official subdivision regulations. Every plat approved by a planning commission shall, by virtue of such approval, be deemed to be an amendment of or an addition to or a detail of the official plan and a part thereof. Approval of a plat shall not be deemed to constitute or effect an acceptance by the public of any street or other open space shown upon the plat. A planning commission may, from time to time, recommend to the local legislative body amendments to the zoning ordinance or map or additions thereto to conform to such commission's recommendations for the zoning regulation of the territory comprised within approved subdivisions. "In the case of a parish planning commission, such requirements or restrictions shall be stated upon the plat prior to the approval and recording thereof and shall have the same force of law and be enforceable in the same manner and with the same sanctions and penalties and subject to the same power of amendment or repeal as though set out as a part of a zoning ordinance or map."
This court held in Old Jefferson Civic Association, Inc. v. Planning Commission for the City of Baton Rouge and the Parish of East Baton Rouge, 364 So.2d 193 (La. App. 1st Cir. 1978), that La.R.S. 33:113 requires that a public hearing be held on a proposed subdivision plat before the Planning Commission can grant approval or disapproval of the plat. The court stated, "[T]he Planning Commission must fix a date within 60 days of submission for a hearing along with notifying both the party submitting the plat and the owners of the land immediately adjoining the platted land. The Planning Commission cannot grant approval or disapproval without such a hearing...." 364 So.2d at 196.
There is no question in the case at bar that a public hearing on the Blue Cross Plaza was held and that notice was sent to property owners at least a week in advance of the hearing. The trial judge so found and the record supports his finding. The minutes of the December 10, 1979, hearing show that a motion "to approve the street layout as revised, but to defer the action on turning circles" was passed unanimously. We find no requirement in La.R.S. 33:113 that adjacent property owners be notified by certified mail. Although there was some question about notice having been sent out for subsequent meetings, the record leaves no question that property owners received notice of the December 10, 1979, meeting. The plaintiff's complaint that the adjacent property owners did not understand that the street tie-ins were being approved is understandable but without legal merit. When the Planning Commission sent written notice to adjacent property owners that a public hearing would be held on the Blue Cross Plaza development, the Commission complied with the provisions of La.R.S. 33:113. The property owners were thereby placed on notice that the development was being proposed, and the responsibility was theirs to determine what the development encompassed. We therefore reject the plaintiff's contention that an adequate public hearing was not held in accordance with law.

EVIDENCE
The plaintiff claims it is aggrieved by a number of trial court rulings which prohibited or limited the introduction of *352 evidence. In one instance the trial court refused to allow a real estate development expert to testify as to the possible impact of the traffic on residential streets. The trial court correctly disallowed this testimony because it went beyond the witness' area of expertise.
In another instance, the trial court refused to allow an eyewitness to the December 10 hearing to testify as to what he was told by members of the Planning Commission which purportedly would contradict the official records. This testimony was excluded as hearsay despite plaintiff's contention that the off-the-record statements by the Planning Commission members were admissions against interest of the Planning Commission itself. When the trial judge rules that testimony of a witness is inadmissible, an offer of proof under La.C.C.P. art. 1636 can be made. An offer of proof would be proper when the trial judge refuses to allow the testimony of a witness on hearsay grounds, and it would be error to deny such a proffer. However, no offer of proof was made in this case and plaintiff cannot now complain on appeal. Carroll v. Guillot, 377 So.2d 310 (La.App. 3rd Cir. 1976).
The trial court excluded as irrelevant a map of the proposed development which was shown to a city council member at a council meeting and also as irrelevant the city councilman's answer concerning his attempt to locate an approved preliminary plat in the public records. These rulings were certainly correct. The only plat that is relevant to this proceeding is the plat submitted by Blue Cross at the public hearing. This plat and the plats submitted at the subsequent hearings were all introduced into the evidence. Whether an approved plat is filed in the public records is irrelevant as to whether the Planning Commission's action approving the plat is valid.

COMPOSITION OF PLANNING COMMISSION
The plaintiff claims that the Baton Rouge Planning Commission was illegally constituted at the time the Blue Cross Plaza was approved because some of the Commission members also served on other public bodies. The plaintiff notes that Article X, Section 22 of the Louisiana Constitution of 1974 requires the legislature to enact laws "defining, regulating and prohibiting dual office holding in state and local government." Additionally, La.R.S. 33:103 provides that members of a commission, whether a parish or municipal planning commission, shall hold no other public office, with exceptions not relevant to this case.
The plaintiff presented no evidence at trial to prove that some members of the Baton Rouge Planning Commission also served on other public bodies. While the charter for the Baton Rouge City-Parish Government provides that certain members of the Planning Commission are to be chosen from certain other public bodies, there was no proof that these appointments were actually made. We will, however, discuss this issue as if such proof had been made.
While the dual office holding law may be applicable to the Planning Commission in the case at bar, the validity vel non of these members' appointments to the Planning Commission is not subject to a collateral attack in an action of this nature. If the plaintiff thought the Planning Commission was illegally constituted it had an adequate remedy to test the validity of the appointments under La.R.S. 42:76. This court in Fakier v. Picou, 158 So.2d 285 (La.App. 1st Cir. 1963), affirmed 246 La. 639, 166 So.2d 257 (La.1964), held that parties seeking to test the legality of a municipal board should do so under the provisions of La.R.S. 42:76 et seq. rather than by a collateral attack in an action to have a decision of the board declared invalid. The court held that, "it is well established under Louisiana jurisprudence that acts of a de facto officer cannot be attacked by collaterally bringing into question his title to the office." 158 So.2d at 288. The plaintiff's remedy to test the validity of the Planning Commission's appointments is a direct attack under La.R.S. 42:76.

*353 IRREPARABLE INJURY
In its final specification of error, the plaintiff claims that it carried the burden of showing irreparable injury sufficient to merit an injunction. We agree with the trial court that the plaintiff failed to show that its members would be irreparably harmed by the tying in of the two streets at issue.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed in all respects. The plaintiff will bear the costs of this appeal.
AFFIRMED.