CRAIN, Judge.
On May 5, 1986, appellant, Genia Franklin was employed by the City of Baton Rouge as an entry level police officer enrolled in the Police Training Academy for a period of 17 weeks. She completed all requirements of the Academy through 8 weeks except firearms qualification. On July 7, 1986, after 64 days of training Ms. Franklin received a termination letter from Wayne R. Rogillio, Baton Rouge Chief of Police, citing firearms disqualification as the reason for termination. The letter advised that upon Ms. Franklin’s written request the Municipal Fire and Police Civil Service Board (Board) could examine the circumstances of the dismissal in their discretion. Ms. Franklin submitted a written request, the Board conducted a hearing and, after reviewing the firearms scoring ordered Ms. Franklin reinstated with back pay and benefits to complete her Academy training. Ms. Franklin reported for work on October 1, 1986, but Rogillio refused to comply with the Board’s order and refused to allow her to continue her training. Ms. Franklin filed a petition for mandamus which was denied by the trial court by judgment signed January 13, 1987.
The matter was appealed and this court vacated the judgment and remanded for the introduction of stipulated facts which had been used by the trial, court but never introduced. 525 So.2d 674. The stipulated facts were introduced and the trial court reinstated its original judgment and additionally maintained the constitutionality of La.R.S. 33:2495. Plaintiff again appeals. Four assignments of error are presented. They are substantially as follows: 1) The trial court erred in finding the Board had no authority to review the dismissal; 2) The trial court erred in finding the .defendant could raise the lack of authority of the Board in defense of a mandamus proceeding; 3) The trial court erred in reinstating the original judgment on remand; 4) The trial court erred in upholding the constitutionality of La.R.S. 33:2495.
ATTACKING THE BOARD’S ACTION IN DEFENSE OF A MANDAMUS PROCEEDING
Appellant claims that the Board’s authority to reinstate her should have been attacked by appellee in a separate action or by appealing the Board’s decision. She claims the Board’s authority cannot be placed at issue in defense of a mandamus proceeding. As authority for this proposition appellant cites the case of Fakier v. Picou, 158 So.2d 285 (La.App. 1st Cir.1963) writ granted on other grounds and affirmed, 246 La. 639, 166 So.2d 257 (1964). Appellant’s reliance on Fakier is misplaced. There the Municipal Police Fire and Civil Service Board was attacked as being improperly constituted in defense to a mandamus proceedings. It was held that the board was at least a de facto board and under well recognized jurisprudence the legality of a de facto board could not be collaterally attacked in a mandamus proceeding. However, in Fakier both the *20 Court of Appeal and the Louisiana Supreme Court considered the merits of the defendant’s arguments against the legality of the board’s actions in the mandamus proceeding.
In this case there is no question of the Board being legally constituted. The question is the legally constituted Board’s authority to act. Since the purpose of the mandamus proceeding is “to compel the performance of a ministerial duty required by law”, the mandamus proceeding can properly be defended on the question of whether the law requires the defendants to perform a duty imposed by a Board allegedly acting without legal authority though properly constituted. This assignment of error has no merit.
THE AUTHORITY OF THE BOARD TO ■ORDER REINSTATEMENT
Under the municipal civil service scheme certain jobs with municipalities are designated to be part of the classified service. La.R.S. 33:2481. When so designated those jobs fall under the jurisdiction of local municipal fire and police civil service boards. La.R.S. 33:2475-2477. The local board maintains a list of persons eligible for appointment to a civil service position. La.R.S. 33:2491. These lists are composed of persons who have passed competitive examinations administered by civil service. La.R.S. 33:2492. When the hiring agency of the municipality proposes to fill a position in the classified service, that agency or appointing authority acquires the list of persons eligible for appointment from the board and must fill the vacancy from that list. La.R.S. 33:2494. A person appointed in this manner may be tested by a “working test” before being confirmed as a regular or permanent employee. La.R.S. 33:2495. This test shall continue for not less than six nor more than twelve months. La.R.S. 33:2495. “Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board”. La. R.S. 33:2495. It is the quoted language which is at issue here. Appellant contends that the appointed employee engaged in a working test program who has completed less than three months of that program is still entitled to board protection from termination by the appointing authority. We disagree.
A careful perusal of the statutes governing termination of classified employees reveals a scheme which provides no board protection for a classified employee engaged in a working test who has been employed less than 3 months. There is specific statutory authority for the handling of classified employees which breaks down as follows: 1) The employee engaged in a working test who has served at least three but less than six months of the working test can be removed only with prior board approval. The grounds for removal of these employees are inability or unwillingness to perform the duties of the position, or habits and dependability that do not merit continued employment. La.R.S. 33:2495. 2) After serving a working test of at least six months the employee may be rejected by the appointing authority. That employee may appeal rejection tó the board on “the grounds that he was not given a fair opportunity to prove his ability in the position.” La.R.S. 33:2495. 3) The employee who is not specifically rejected becomes a “regular” and “permanent” employee as defined by La.R.S. 3:2473(18). The regular employee is employed during good behavior and can be discharged only for specified reasons. La.R.S. 33:2500. That employee can appeal dismissal to the board and the board must grant a hearing and investigation. La.R.S. 33:2501.
It is apparent that the legislature has carefully delineated when the board can take action and the standards to be applied according to the category into which the employee fits at the time action is taken. The only category of employees not given board protection are those engaged in a working test that have not completed three months. If we were to extend board protection to these employees we would have to decide whether the appointing authority needed prior approval for termination as with the three to six months working test *21 employee, or was entitled to review of termination. Then we would have to decide the appropriate standards for the board to apply in order to determine the validity of the termination. This would obviously require judicial legislating which we are not empowered to provide. We conclude that the legislature did not intend to furnish board protection for working test employees employed less than three months. Accordingly, this assignment of error has no merit.
CONSTITUTIONALITY OF LA.R.S. 33:2495
Appellant argues that if La.R.S. 33:2495 gives her no board protection it denies her due process and is unconstitutional as applied. We disagree.
According to the stipulation of facts the plaintiff was removed for failure to accomplish the mandatory firearms requirements. This fact was transmitted to the plaintiff as the reason for termination in a letter of termination from the appointing authority in the person of the Chief of Police, Wayne R. Rogillio. Consequently, regardless of the validity or invalidity of the firearms test, plaintiff was not arbitrarily removed, but was in fact removed for what the appointing authority considered mandatory reasons. The question is whether equal protection or due process requires more for a less than three month employee. We do not think so. The working test period is basically a probationary period where suitability for employment in the particular job is determined by many factors. As the employee progresses the factors for termination are narrowed leaving the broadest considerations for the first three months of employment. This seems a rational approach for determining suitability for employment. Consequently, La. R.S. 33:2495 has a rational basis for distinguishing the less than three month employee from those employed longer. It is not a denial of equal protection on its face nor does it deny equal protection as applied to the plaintiff since the termination was for stated valid reasons.
We also do not find it a denial of due process. Due process requirements are relevant only when a property interest has been created. See, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). “Property interest are not created by the Constitution, ‘they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law’.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 at 1491, 84 L.Ed.2d 494 (1985). “While the legislature may elect not to confer a property interest in public employment, it may not constitutionally authorize the deprivation of such an interest, once conferred without appropriate procedural safegrounds.” Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633 at 1650, 40 L.Ed.2d 15 (1974). The legislature has elected not to confer a property interest to the working test employee employed for less than three months. Consequently, procedural due process safeguards are not required.
We find no constitutional infirmities with La.R.S. 33:2495. Consequently, we affirm the judgment of the trial court. Appellant is cast with all costs of this proceeding.
AFFIRMED.
LeBLANC, concurs in result.