Dear Mr. Caswell:
You advise this office that an issue has arisen concerning the proper appointment of the fifth member of the Board of Commissioners of the Eunice Gravity Drainage District No. Nine of Evangeline and St. Landry Parishes.
Gravity drainage districts are created pursuant to the general provisions of R.S. 38:1751, et seq. The law provides for the creation of a gravity drainage district composed of land in two or more parishes. R.S. 38:1760 provides:
 § 1760. Creation of districts in adjoining parishes
 When the drainage by gravity of any locality is such that in the opinion of the police juries of the respective parishes, it becomes necessary to organize or create gravity drainage districts composed partly of land situated in two or more parishes, then the drainage districts may be created by joint resolution of the police juries of the respective parishes, or by a resolution to that effect passed by the police jury of one parish and approved by the police jury or juries of the other parish or parishes. The police juries shall create the district upon a petition being presented to them as provided in R.S. 38:1751 covering the creation of gravity drainage districts from lands lying in one parish.
The selection of commissioners in the instant matter is accomplished via the provisions of R.S. 38:1761, which pertinently provide:
 § 1761. Selection of commissioners
 In the event of the creation of a gravity drainage district within two or more parishes, the drainage commissioners shall be appointed or selected as aforesaid, three by the police jury of the parish which has the greatest area in the district and two by the police jury of the other parish.
Applying the language of R.S. 38:1761, the third member must be appointed by the parish which has the greatest area in the district. This is a factual determination which we defer to you and the board to make.
Our research reflects no statutory authority in support of the manner in which the appointments were originally made.[1] However, we consider all prior appointees as defacto officers. The case of Fakier v. Picou,158 So.2d 285 (La. App 1963), stands for the proposition that even if a board is not constituted in strict compliance with statutory authority, it nevertheless is a defacto board. The acts of an officer de facto are as valid and effective where they concern the public or rights of third persons until his title to the office is adjudged insufficient.
You also ask whether the secretary/treasurer of the board must by law be the secretary/treasurer of the Evangeline Parish Police Jury. Please refer to R.S. 38:1766, which provides in pertinent part:
 § 1766. Officers of board; fiscal agent
 A. (1) Immediately upon meeting, the board of commissioners shall proceed to organize by electing from among their number a president and a vice president. The president shall preside over all meetings of the board and perform all duties usually required of presidents of corporate bodies. The vice president shall perform the duties of the president in case of his absence or disability.
 (2) The board shall elect a treasurer, who shall also serve as secretary. The secretary-treasurer shall receive a salary of not less than fifteen dollars nor more than two hundred dollars per month, to be fixed by the board. The secretary-treasurer shall maintain an office at the parish seat of each parish and shall keep the office open during business hours for the purpose of transacting the business of the district and for the convenience of the taxpayers thereof. The secretary-treasurer shall furnish bond in such amount and in the manner now provided by law for the faithful accounting of all funds turned over to him for the account of the district. (Emphasis added).
There is no provision in R.S. 38:1766 which mandates that the secretary/treasurer of the Evangeline Parish Police Jury also be the secretary/treasurer of the gravity drainage district.
Finally, the Dual Officeholding and Dual Employment Laws, R.S. 42:761,et seq., are inapplicable to this situation. A person performing legal services pursuant to contract is not considered to hold employment for purposes of dual-officeholding.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: July 19, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] Two commissioners were appointed by each policy jury and the fifth member was appointed by the governor.