Dear Senator McPherson:
Please be advised that the office of the Attorney General is in receipt of your opinion request wherein you posed the following questions:
1. Pursuant to La.R.S. 37:832(C), any member of the Louisiana State Board of Embalmers and Funeral Directors may serve two consecutive four-year terms at most. Another term is allowed only after the lapsing of one year directly proceeding the second four-year term. Would any member who continues to serve beyond the second of two consecutive terms to which they were appointed, or who continue to serve beyond the term to which they are appointed, be in violation of La. R.S 37:850 or any other law? Are the acts of the board, which rely on the vote of such a member, be valid, voidable, or void? What means are available to remove such a member or have him replaced to comply with the law?
2. What is the meaning of the term "check" as used in La.R.S. 9:2782(A)? Does the phrase "nonsufficient funds" include checks that are returned "account closed"?
The two statutes relevant to your first question are in pertinent part as follows:
La.R.S. 37:832. Louisiana State Board of Embalmers and Funeral Directors; appointments; terms of office
 * * * C. Each appointment shall be submitted to the Senate for confirmation. Members of the board may serve two consecutive four-year terms. However, at least one year shall elapse between the expiration of a member's second consecutive term and his appointment to a subsequent term.
 * * *
Our office is of the opinion that if a member continues to serve beyond the statutorily prescribed term of two consecutive four-year terms the appointment would be null and void, and a vacancy would be created. However, it must noted that La.R.S. 42:2 states:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
This statute takes us into your further inquiry as to whether acts taken by a board, which rely on the vote of such a member, are valid and enforceable. Here we turn to previous Attorney General Opinion number 94-151. This opinion dealt with whether the actions taken by the Gravity Drainage District Board, wherein some members were illegally appointed, were binding. Our office cited Fakier v. Picou, 158 So.2d 285 (La.App. 1963), in which the court stated even if the Board was not constituted in strict compliance with the statute or ordinance; it nevertheless is a de facto board. In assessing the validity of actions taken by such a board, the court stated that it is a matter of public policy to protect the public interest and the interest of those individuals who relied on the official acts of an unlawful officer. As such, the court concluded that the acts taken by that board are as valid and effective where they concern the public or rights of third persons, until his title to the office is adjudged insufficient. Therefore, actions taken by a board, which contains a member beyond their statutory term limit, are legal and enforceable.
Your second question asks our office to define the term "check" as is pertains to La.R.S. 9:2782(A). In answer to your question, we turn to La.R.S. 9:2516 which provides us with a list of terms along with their definitions. Because this provision falls under the same title as the one you referenced, we look to these definitions for guidance. La.R.S.9:3516 states in pertinent part:
 * * * (7) "Check" means any check, draft, item, orders or requests for payment of money, negotiable orders, withdrawal or any other instrument used to pay a debt or transfer money from one to another.
 * * *
It is therefore the opinion of this office that the term "check" referenced in La.R.S. 9:2782(A) has the same meaning as the one used in La.R.S. 9:3516.
You further requested our opinion as to whether the term "nonsufficient funds", as used in La.R.S. 9:2782(A), includes checks that are returned, "account closed". Recently, the First Circuit decided a case wherein they concluded that La.R.S. 9:2782 allows the collection of damages when a check is dishonored due to a "closed account". Telerecovery of La.,Inc. v. Rayborn, 2002 WL 468033, (La.App. 1 Cir.). They reasoned that because a closed account has absolutely no funds available within the account, then there are nonsufficient funds to justify honoring it. Id, (emphasis added).
Our office, therefore, concludes that the term "nonsufficient funds" as used in La.R.S. 9:2782, includes checks returned, "account closed".
I hope this opinion sufficiently answers you questions. If you have any further questions, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ____________________
 VIRGINIA L. COREIL ASSISTANT ATTORNEY GENERAL
RPI/VLC/crt
Date Released: June 20, 2002