466 So.2d 569 (1985)
Jessie Mae Stevenson, wife of Jill BLANCHARD, Jr.
v.
Jill BLANCHARD.
No. 84-CA-414.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*570 Joan B. Montero, Cherbonnier & Montero, Gretna, for plaintiff-appellant Jessie Mae Stevenson Blanchard.
Richard I. Farmer, Gretna, for defendant-appellee Jill Blanchard, Jr.
Before BOUTALL, GAUDIN and DUFRESNE, JJ.
BOUTALL, Judge.
This is an appeal from a trial court's denial of a request for assignment of wages in a child support matter. At issue is whether a person who has been ordered to pay child support and has failed to do so may have his wages assigned pursuant to LSA-R.S. 46:236.3.
Appellant, Jessie Mae Blanchard, was granted a divorce and awarded permanent custody of the only child of the marriage. Additionally, she was awarded child support in the amount of $50.00 every other week. Eight months following this judgment, when no child support payments had been made, Mrs. Blanchard sued for and was awarded past due child support in the amount of $800. Over two years later, she again sued for past due child support and further sued for an assignment of wages under R.S. 46:236.3. The court awarded her $3900 in past due and executory child support, but denied her request for assignment of wages under the statute.
Appellant assigns as error the trial court's refusal to order an assignment of wages under R.S. 46:236.3. Although there are no written reasons in the record for this portion of the judgment, appellant states in her brief the trial court's decision was based on its interpretation of R.S. 46:236.3, that it only applied to persons whose support rights have been assigned to the Department of Health and Human Resources as a condition for eligibility for Aid to Families with Dependent Children (AFDC).
R.S. 46:236.3, as amended[1], provides in pertinent part:
Section 236.3. Enforcement of Support
A. In all cases in which support has been ordered for any person, or when such support rights have been assigned to the Department of Health and Human Resources as a condition of eligibility for Aid to Families with Dependent Children or the department is otherwise providing support enforcement services, and when it appears to the court having jurisdiction over said support order that the person ordered to pay the support has failed to make payments in accordance with the order, any person for whom support has been ordered, or the Department of Health and Human Resources, on its own behalf or on behalf of any person for whom support has been ordered and whose support rights have been assigned to the department or for whom the department is providing support enforcement services, may move the court for a rule to show cause why an order should not be issued pursuant to the provisions of this Section.
B. (1) After service of process on the person ordered to pay support and a hearing pursuant to the rule to show cause, the court shall serve notice on the employer of the person ordered to pay support. Service of notice on the employer may be made in any manner provided by law or by certified mail directed to the usual or main place of business of the employer.
(2)(a) Upon determination that there is a continuing obligation for support and that support payments are past due, the court shall order the employer to withhold from the personal earnings of the person the amount ordered for support, as it becomes due, together with an additional sum set by the court to discharge the past due amount, and to continue the withholding each pay period until further *571 order of the court as provided in R.S. 46:236.3 E or F.
(b) This sum shall not exceed the exempt percentage of disposable earnings as defined in R.S. 13:3881 for the payment of a support obligation.
(c) The total amount withheld shall be forwarded immediately to the person ordered to receive the support or to the Department of Health and Human Resources as provided in the order.
(d) The order shall operate as an assignment and shall be binding upon any existing or future employer of the defaulting party upon whom a copy of the order is served.
(e) The person ordered to pay support shall pay the employer a three dollar processing fee per each pay period during which the assignment order is in effect.
* * * * * *
The language of the statute is clear. "Any person for whom support has been ordered" or any person who has assigned support rights to the Department of Health and Human Resources may avail themselves of the enforcement procedure set out in this statute. Under Section 236.3, once a defaulting party has been ruled into court, and there has been a judicial determination that an obligation for support exists and is delinquent, the court may issue a support order. This order operates as an assignment of the defaulting party's wages, and is binding upon both present and future employers. The party seeking to enforce the support order is entitled to an assignment of an amount sufficient to provide current support and an amount sufficient to discharge past due amounts.
We agree with the appellant that the trial court erred in refusing to order an assignment of Mr. Blanchard's wages under the statute. Appellant certainly falls within the class of "any person for whom support has been ordered ..." and is entitled to take advantage of the enforcement procedure detailed in Section 236.3. Accordingly, we must reverse that part of the judgment refusing to order such assignment and remand to the district court for an evidentiary hearing to fix the proper amount to be assigned.
In fixing the proper amount, the district court shall be guided by the provisions of Section 236.3 and R.S. 13:3881.
As noted above, Section 236.3, subd. B(2)(b) provides that the total amount ordered to be paid for support shall not exceed the exempt percentage of disposable earnings as defined in R.S. 13:3881. 13:3881 states:
Section 3881. General Exemptions from Seizure
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) Seventy-five percent of his disposable earnings for any week, ... However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children, or for a spouse, or former spouse, if the Department of Health and Human Resources is providing support enforcement services to the spouse, is fifty percent of disposable earnings. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from this earnings of any amount required by law to be withheld.
* * * * * *
When read together, the statutes provide that in cases of child support obligations, up to 50% of a debtor's disposable earnings may be seized (here, assigned) to satisfy a past due or current support obligation. However, it should be noted the same is not true where the obligation of support is for the spouse. In that case, the creditor may only garnish up to 50% of the debtor's disposable earnings when the spouse is receiving support services from the Department of Health and Human Resources. Otherwise the spouse is limited to 25% of disposable earnings because the general 75% exemption applies. In the instant case, the judgment only provides for *572 child support payments, and the 50% limitation applies.
Accordingly, that portion of the judgment appealed refusing to order withholding or assignment under R.S. 46:236.3 is reversed, and we render judgment in favor of appellant decreeing her to be entitled to an order of withholding of wages operating as an assignment as provided in R.S. 46:236.3 and remand this matter to the trial court to fix the amount thereof in accordance with the views expressed herein.
REVERSED IN PART AND REMANDED.
NOTES
[1] Section 236.3 was amended in 1984 by Act 221 of the Legislature to include all support rights, instead of just child support rights.