BARRY, Judge.
Plaintiff mother appeals a judgment which orders a 25% wage assignment (up to $400) for past due child support, suspends defendant’s obligation to pay current child support, and denies attorney fees and costs.
*22 In June, 1981 plaintiff filed a paternity suit and requested child support. The parties never married but have one child born in 1979. Prior judgments decreed defendant to be the natural father and ordered $350 per month child support retroactive to the filing of the original petition.
Plaintiff filed a “Rule for Contempt for Past Due Support and for Wage Assignment” after defendant failed to satisfy his second monthly support payment. The rule sought an executory judgment for $100 to complete the payment, attorney fees, and a wage assignment for the $350 monthly support, plus a sum to apply against the $12,000 past due support.
The trial court ordered 25% withheld monthly from net wages, not to exceed $400. Three hundred eighty-six dollars is to be credited to past due support and the remainder, if any, to current support. Current support payments were suspended other than the $14, and the claim for attorney fees was denied.
ASSIGNMENT # 1
Plaintiff submits it was error to suspend the $350 monthly support (except for $14). She points out the court reduced current support on its own motion and asserts defendant’s payments toward past due support combined with her unemployment compensation is inadequate. She contends the reduction to $14 a month virtually eliminates defendant’s obligation.
The wage assignment statute, La.R.S. 46:236.3 (as amended in 1984) provides in part B(2):
(a) Upon determination that there is a continuing obligation for support and that support payments are past due, the court shall order the employer to withhold from the personal earnings of the person the amount ordered for support, as it becomes due, together with an additional sum set by the court to discharge the past due amount, and to continue the withholding each pay period until further order of the court as provided in R.S. 46:236.3(3) or (7).
(b) This sum shall not exceed the exempt percentage of disposable earnings as defined in R.S. 13:3881 for the payment of a support obligation.
Plaintiff argues this provision is mandatory, i.e., the court shall order the wage assignment and it must include current support plus an incremental amount designed to discharge the past due sum.
It would defeat the intent of the statute to allocate almost all available money to past due support. Nor is it reasonable to put a $400 cap on the assignment. We therefore reinstate the $350 monthly support. The balance of the wage assignment up to 25% shall apply against the past due support.
ASSIGNMENT # 2
Plaintiff contends a 50% assignment would be appropriate while she is unemployed. La.R.S. 13:3881 in pertinent part provides:
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) Seventy-five percent of his disposable earnings for any week .... However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children, or for a spouse, or former spouse, if the Department of Health and Human Resources is providing support enforcement services to the spouse, is fifty percent of disposable earnings.
Plaintiff does not qualify under this provision.
ASSIGNMENT # 3
Plaintiff claims defendant’s net monthly salary is $1,732.98 based upon evidence produced at a prior hearing. Defendant testified his income had not changed. His counsel argued that defendant’s salary was $1,522.82 due to increased medical insurance and federal taxes.
We conclude the trial judge did not abuse his discretion in determining defendant’s salary. Mason v. Mason, 451 So.2d 1257 (La.App. 4th Cir.1984).
*23 ASSIGNMENT # 4
Plaintiff seeks $750 per month with $850 allocated to current support and $400 for past support.
Defendant’s net income apparently is the same (or lower) compared to when the $350 support was originally set. There is no basis to increase the award.
ASSIGNMENT # 5
This matter was brought under La. R.S. 46:236.3 and plaintiff alleges it was error to deny attorney fees. We agree. Counsel prepared and tried the contempt rule and handled this appeal. Considering defendant’s financial status, a fee of $500 plus costs is reasonable.
ORDER
Plaintiff is assigned 25% of defendant’s net wages with $350 allocated to current child support and whatever balance credited to past due support. Plaintiff is awarded $500 for attorney’s fees and all costs.
AMENDED: AFFIRMED.