488 So.2d 945 (1986)
Judy Theresa JONES
v.
Lee Anthony THIBODEAUX.
No. 85-C-2325.
Supreme Court of Louisiana.
May 20, 1986.
*946 Kim A. Gandy, New Orleans, for applicant.
Floyd J. Reed, Reed & Reed, New Orleans, for respondent.
WATSON, Justice.
The question is whether a debtor's exemption from seizure for child support obligations is seventy-five percent of his disposable earnings, except when the Department of Health and Human Resources is involved.

FACTS
After a paternity suit, defendant, Lee Anthony Thibodeaux, was decreed to be the natural father of a child born to plaintiff, Judy Theresa Jones, in 1979. Defendant was ordered to pay child support as of June, 1981.
This rule for past due support, garnishment of wages, attorney's fees, court costs and contempt was filed August 31, 1984. It alleges that defendant was ordered to pay child support of $350 per month beginning July 28, 1984, made one payment, but paid only $250 in the second payment and has not attempted to discharge the retroactive support owed in the amount of $12,600.
Defendant admitted his net income is $1,732.98 a month.[1] He is divorced and has two sons from his marriage, one living with him and the other in Chicago. There is a judgment against him for delinquent child support, expenses and attorney's fees for about $37,535.[2] Plaintiff was unemployed at the time of the hearing. She lost her job on March 12, 1984, and owes substantial debts as a result of not receiving child support until her son reached five years of age.
The trial court concluded that twenty-five percent of defendant's net salary could be assigned to support of his natural child. It ordered that twenty-five percent of defendant's net earnings, not to exceed $400 per month, be withheld from his wages. From that sum, $386 was to be credited to past due support and the balance of $14 a month to current support. Any other responsibility for current support was suspended.
The court of appeal amended the judgment, assigning plaintiff twenty-five percent of defendant's net wages, allocating $350 to current child support and any balance to past due support. Additionally, plaintiff was awarded $500 for attorney's fees, and all costs. Jones v. Thibodeaux, 479 So.2d 21 (La.App. 4 Cir.1985). A writ was granted to review the judgment of the court of appeal. 481 So.2d 620 (La., 1986).

LAW
In 1979, LSA-R.S. 13:3881 A.(1) provided that seventy-five percent of a debtor's disposable earnings for any week was exempt from seizure.[3] This section of the statute was amended and reenacted in 1980 to add the following sentence:
"§ 3881. General exemptions from seizure
"* * * However, the exemption from disposable earnings for the payment of a current or past due child support obligation, or both, is fifty percent of disposable *947 earnings. The term `disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."
In 1981, Act No. 36 of the Extra Session[4] made extensive statutory revisions designed to aid the Department of Health and Human Resources in developing and implementing a program of family support. As part of Act 36, LSA-R.S. 13:3881 A.(1) was reenacted to read, in pertinent part, as follows:
"However, the exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children, or for a spouse, or former spouse, if the Department of Health and Human Resources is providing support enforcement services to the spouse, is fifty percent of disposable earnings. The term `disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."
Blanchard v. Blanchard, 466 So.2d 569 (La.App. 5 Cir., 1985) held that LSA-R.S. 13:3881, construed with LSA-R.S. 46:236.3, allows fifty percent of a debtor's disposable earnings to be seized for child support obligations. On July 28, 1984, the effective date of the support order, LSA-R.S. 46:236.3[5] stated, in pertinent part:
"In all cases in which support has been ordered for any person, or when such support rights have been assigned to the Department of Health and Human Resources....
* * * * * *
"Upon determination that there is a continuing obligation for child support and that child support payments are past due, the court shall order the employer to withhold from the personal earnings of the person the amount ordered for support, as it becomes due, together with an additional sum set by the court to discharge the past due amount, or fifty per cent of the disposable earnings as defined in R.S. 13:3881, whichever is less, and to continue the withholding each pay period until further order of the court as provided in R.S. 46:236.3(3) or (7). In no event shall the withholding be greater *948 than fifty percent of the disposable earnings...."
The Blanchard court stated:
"When read together, the statutes provide that in cases of child support obligations, up to 50% of a debtor's disposable earnings may be seized (here, assigned) to satisfy a past due or current support obligation. However, it should be noted the same is not true where the obligation of support is for the spouse. In that case, the creditor may only garnish up to 50% of the debtor's disposable earnings when the spouse is receiving support services from the Department of Health and Human Resources. Otherwise the spouse is limited to 25% of disposable earnings because the general 75% exemption applies. In the instant case, the judgment only provides for child support payments, and the 50% limitation applies." 466 So.2d at 571-572.

CONCLUSION
LSA-R.S. 13:3881 A.(1) can be read in two ways. It intends either: (1) a fifty percent exemption from seizure for all child support obligations; or (2) a fifty percent exemption from seizure for child support obligations only when the Department of Health and Human Resources is providing enforcement services to a spouse.
When the statute was amended in 1981, it was part of a comprehensive scheme dealing with the support enforcement program of the Department of Health and Human Resources. It is most unlikely that the legislature, in granting the DHHR up to fifty percent of a spouse's disposable earnings, intended an implied repeal of the prior year's legislation allowing seizure of fifty percent of disposable earnings for any child support obligation.[6] An ambiguous statute, which can be interpreted in either *949 of two ways, must be read in light of the underlying public policy and the dictates of common sense. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La., 1975). Implied repeal of statutory provisions is not favored. Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952); Fakier v. Picou, 246 La. 639, 166 So.2d 257 (1964); State v. Echezabal, 220 La. 1101, 58 So.2d 398 (1952).
Not only is the court of appeal's interpretation of the statute illogical, it has dubious constitutional validity. Art. 1, § 3 of the Declaration of Rights in the Louisiana Constitution of 1974 provides:
"No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime."
If LSA-R.S. 13:3881 in fact discriminates between those children who are and those who are not affiliated with the Department of Health and Human Resources, it appears to violate the quoted provision. Such discrimination between minor children would be arbitrary and unreasonable. However, the statute can be constitutionally read as providing a fifty percent limitation on wage assignments for all child support obligations. This was the legislative intention and it is the interpretation adopted in Blanchard.
Since the trial court and the court of appeal rendered judgments under the erroneous impression that there was a twenty-five percent limitation on the amount of the father's earnings which could be assigned to satisfy his child support obligations, the matter is remanded for the court of appeal to reconsider the amount which should be assigned. Some reasonable reduction of the past due support should be included in that sum.[7]
Plaintiff is awarded $250 in attorney's fees for the services rendered in connection with this writ grant. While that amount does not reflect the cost of the work performed by plaintiff's counsel, defendant has already been cast in judgment for approximately $37,535. There would be little point in a substantial increase. The amount awarded is not a limitation on the amount plaintiff's attorney can charge her client when the latter attains a better financial position and does not cover any services which may be rendered after remand.
REVERSED AND REMANDED.
LEMMON, J., concurs, but expressly declines to consider unnecessarily the constitutional issue.
NOTES
[1] The trial court decided that defendant's net income is approximately $1,500 a month.
[2] Tr. 24.
[3] LSA-R.S. 13:3881 A.(1), as amended by Act 596 of 1979, provides:

"A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
"(1) Seventy-five percentum of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof, according to whether the employee's pay period is greater or lesser than one week. The term `disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.
[4] The preamble to Act No. 36 states:

"ACT No. 36
* * * * * *
"AN ACT
"To amend and reenact Subsections B, E, G, H, I, J, K, and L of Section 236.1 and Subsections A and B of Section 236.2, both of Title 46, to amend and reenact Subsection E of Section 74, Subsections A, B, and D of Section 75, and Section 75.1 of Title 14, to amend and reenact Section 1585, Paragraph (1) of Subsection A of Section 3881, and Section 3928, all of Title 13, to amend and reenact Subsections A and E of Section 305 of Title 15, to amend and reenact Section 731 of Title 23, all of the Louisiana Revised Statutes of 1950; to amend and reenact Subparagraph 3 of Paragraph A of Article 16 of the Louisiana Code of Juvenile Procedure, and to amend and reenact Paragraph A of Article 887 of the Louisiana Code of Criminal Procedure, relative to the obligation of child support and the Title IV-D Support Enforcement Program of the Department of Health and Human Resources; to comply with federal law by adopting provisions relating to the collection of past due support from federal tax refunds; to allow for collection of spousal support under certain conditions by the said department; to provide for cost of collection and other services for nonrecipients of public assistance; to give notice that certain support obligations are not discharged by bankruptcy under federal law; and otherwise to provide with respect thereto."
[5] LSA-R.S. 46:236.3 was amended by Acts 1984, No. 221, § 1 (effective September 3, 1984) to omit the word "child" and extend its provisions to all support payments. Its text, as modified on authority of LSA-R.S. 24:253, now reads in pertinent part:

"Upon determination that there is a continuing obligation for support and that support payments are past due, the court shall order the employer to withhold from the personal earnings of the person the amount ordered for support, as it becomes due, together with an additional sum set by the court to discharge the past due amount, and to continue the withholding each pay period until further order of the court as provided by R.S. 46:236.3 E or F.
"This sum shall not exceed the exempt percentage of disposable earnings as defined in R.S. 13:3881 for the payment of a support obligation."
[6] LSA-R.S. 46:236.3, enacted by Act 36 of 1982, was originally House Bill 1812. The July 5, 1982, minutes of the Senate Health and Welfare Committee considered House Bill 1812 by Representative Landrieu. The minutes reflect the following:

"Representative Landrieu introduced this bill because of the small percentage of children due child support who actually receive such support. Most of the problem is due to the absent parent not paying support. The bill sets into motion a method by which the courts and DHHR can mandatorily assign wages after a person has become delinquent in child support payments.
"Senator Landry questioned the term `fifty percent of disposable earnings'. Representative Landrieu stated that federal law governs the percentage of a person's wages that can be garnished. That amount is no more than fifty percent of the person's wages. This bill follows this same legal theory. Mr. Torres stated that this bill tracks the federal law and the `fifty percent' is the maximum amount that can be garnished for child support.
"Senator Landry questioned the transfer of the garnishment not only to the present employer but also to any future employer. What is the basis for this as a garnishment under present law is against a present employer and does not apply to any future employer? This bill applies to future employers as well as present employers. Representative Landrieu stated that this was placed in the bill purposefully because the garnishment procedure is extremely awkward when a spouse has to continuously go back to court. Also, when the person paying the support changes employment, the whole process begins again. Senator Landry asked how a court judgment can be binding against a future employer when the judgment was rendered against another employer. Mr. Torres stated that in AFDC cases, this facilitates collecting of child support payments when a person is a transient employee. Representative Landrieu stated that the garnishment procedure for collecting child support is cumbersome and doesn't work. This is a new procedure that many states are using to expedite child support payments and will make it easier for persons due support to get it.
"Senator Landry offered an amendment per the `fifty percent limitation' of wages of future employment. There were no objections and the amendment was adopted.
"Senator Landry moved that House Bill 1812 be reported with amendments. There were no objections.
"House Bill 1812 was reported with amendments." Senate Health and Welfare Committee Minutes, July 5, 1982, pp. 7-8.
These minutes indicate that the legislature did not intend to limit child support obligations to twenty-five percent of disposable earnings except when the DHHR is involved. On the contrary, the minutes indicate that the fifty percent limitation applies to all children due child support.
Also see the transcript of the House Civil Law and Procedure Committee Hearing on November 9, 1981, in regard to Senate Bill No. 24 which considered the subject matter of Act 36, Extra Session 1982. At the hearing, the changes proposed by the bill were summarized as follows:
"[t]he bill ... did just two or three things. It allows you now to collect support payments due to spouses in addition to childs [sic], it allows you to collect ten percent over and above what's due, and you just made a mention of some little change here, that would appear what the bill does, is that correct?
"Yes, to put in one little phrase mandatory by the, using the federal tax refund provision, and if we get a judgment for past due support we can take the judgment, in fact we are required to take the judgment, the amount that's due and send that in to the U.S. Treasury and they will check to see if a person is due any income tax refund, and if they are they will offset the refund and send us that amount up to the amount of the support order."
This transcript also establishes that the legislature did not intend to change the prior law as to the portion of disposable earnings available for child support obligations.
[7] The judgment of the trial court, as affirmed by the court of appeal, left this father in virtually the same financial situation he would have occupied if he had honored his prior court ordered child support obligations.