LEMMON, Justice.
This matter is before the court on a direct appeal from a judgment which declared La.R.S. 23:1634 A unconstitutional. La. Const, art. V, § 5(D).
I
On May 21, 1986, plaintiff was discharged from his employment as a cafeteria worker for the Tulane Medical Center because of disruptive behavior on the job. Plaintiff applied for unemployment compensation benefits, and the Agency denied the application, finding that plaintiff had been discharged from employment under disqualifying conditions. The appeals referee and the Louisiana Board of Review affirmed the disqualification.
Plaintiff filed a petition for judicial review in the district court on October 29, 1986. The Office of Employment Security was served on November 19, 1986.
When the administrative record was not filed within sixty days as required by La.R. S. 23:1634 A, plaintiff filed a rule to require the Office to commence payment of benefits under the statute.[1] The employer filed an opposition to the rule and thereafter supplemented the opposition to assert the unconstitutionality of La.R.S. 23:1634 A. Contending that the penalty provision of the statute violates its substantive and procedural due process rights, the employer argued that the awarding of benefits to an employee (especially one who had been denied benefits by three administrative tribunals) based solely on the Administrator’s failure to file the record timely was a penalty against employers who are taxed for the costs of the benefits, and the penalty was not reasonably related to the legislative purpose of securing prompt filing of administrative records to promote prompt judicial review.
The district judge ruled that the statute was unconstitutional and dismissed plaintiffs claim for interim benefits. Pointing out that the title of Acts 1985, No. 939, states that the law was enacted “to provide *408 penalties for failure to file the record with the court”, the judge concluded that the penalty provision, which punishes an employer by imposing higher payroll taxes because of a delay caused by the Office of Employment Security over which the employer has no control, is not reasonably related to the goal sought to be achieved. The judge further observed that “punishing the employers will not goad the State into timely preparing the administrative records”.
Plaintiff then filed this appeal.
II
A tax on employers, for the purpose of providing compensation benefits to citizens who become unemployed, does not violate due process, even though the particular employer challenging the tax was not responsible for the unemployment and did not benefit from the expenditure. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937). The tax is valid because of the legitimate exercise of legislative discretion in determining that the expenditure of funds generated by the tax for relief of the unemployed will serve the interest of the community as a whole. See Sibley v. Board of Supervisors of Louisiana State University, 462 So.2d 149 (La.1985). Because the tax that generates the funds for payment of benefits is reasonably related to the legitimate objective of alleviating the harsh consequences of unemployment, which is an employment-related problem that affects the community in general, there need not be a direct relationship between the persons to whom the benefits are paid and the persons who are taxed.[2]
The general purpose of the unemployment compensation program in Louisiana is to prevent the spread of unemployment, to lighten the burden on unemployed workers and their families, and to encourage employers to provide stable employment. See La.R.S. 23:1471. However, the expressly stated purpose of Act 939 of 1985 (the particular law under review here) was not to alleviate the harsh consequences of unemployment for the good of the community, as plaintiff contends, but to require filing of the record within sixty days of service on the Administrator and to provide a penalty for the late filing.[3] The due process implication is that the amendment, in addition to requiring the Administrator to file the record within sixty days, imposes a penalty for late filing which apparently will be assessed against a party who has absolutely no control either over the filing of the record or over the governmental agency which is charged with the duty to prepare and file the record.[4] And in this particular case, the amendment further appears to require the employer, who has won on the merits of the claim at all three stages of the administrative proceeding, to pay benefits as a penalty (perhaps for the maximum amount of weeks under the statute) without any method for the employer to compel the filing of the record and with its only recourse, in the event of a favorable final determination on the merits, being recovery of the overpayments from the unemployed claimant. Under this construction of Act 939, the penalty on the employer is not related to and does not *409 further Act 939’s apparent objective of securing prompt filing of the administrative record and prompt judicial review based on the record.[5]
The penalty provision of Act 939 of 1985, with a stated purpose of penalizing late filing of records, is entirely different from the basic scheme of the unemployment compensation program, whose purpose is to promote the general welfare of the community. Therefore, while the costs of benefits in the basic unemployment compensation program may constitutionally be spread among all employers, a penalty may not constitutionally be charged to the employer because the Administrator fails to file the record timely in a particular case. Perhaps the Legislature could enact a statute providing for the discretionary award of benefits to sustain the claimant during a delay in filing, with reasonable standards for the exercise of discretion, if the benefits were classified as an administrative expense of the overall program rather than as a penalty. However, Act 939’s express characterization of the award as a penalty for late filing of the record precludes assessment of the penalty against the employer who has no control over the filing.
We conclude that La.R.S. 23:1634 A’s penalty provision is not reasonably related to the objective sought to be obtained and was not adopted in the interest of the community as a whole, and is therefore unconstitutional. Because the penalty provision is severable from the remainder of the statute, it was unnecessary to declare La.R.S. 23:1634 A unconstitutional in its entirety. The judgment of the district court will be modified accordingly.
For these reasons, the judgment of the district court is modified to declare the unconstitutionality only of the penalty portion of La.R.S. 23:1634 A. As modified, the judgment is affirmed.
DIXON, C.J., dissents.
WATSON, J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.

. La.R.S. 23:1634 A provides in pertinent part:
“Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant.a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant." (emphasized portion added by Acts 1985, No. 939)

. Louisiana funds its unemployment compensation program by taxing employers at a flat percentage standard rate, which is adjusted on the basis of a particular employer’s history of unemployment experience, plus a general surcharge for unrecovered costs of the program.

. The entire enacting clause of Act 939 reads as follows:
“To amend and reenact R.S. 23:1634, relative to unemployment compensation; to provide that in cases in which benefits are denied, the administrator of employment security must file a certified copy of the record of the case with the court within sixty days of service of process upon him; to provide penalties for failure to file the record with the court; and to provide for related matters.” (emphasis added)

.The minutes of the June 26, 1985 meeting of the House Committee on Labor and Industrial Relations indicated that the sixty-day requirement was intended to reduce the delay, which was then as much as five months, by making it possible to appropriate funds for the hiring of temporary employees to handle the large number of appeals being filed at that time. There was no mention of the penalty or of the source of payment of any benefits awarded under the amendment.

. The Office of Employment Security filed a brief in support of the statute’s constitutionality. The Administrator argued that Act 939 does not require the trial judge to impose the penalty of payment of benefits in every case of late filing of the record (the position taken by plaintiff), but rather permits the trial judge to order interim payment of benefits when the record is not filed within sixty days if the plaintiff establishes by "sufficient evidence” his entitlement to benefits. The Administrator contends that Act 939, thus construed, does not violate the employers’ due process rights.
We decline to adopt this interpretation. The legislative intent was clearly to provide a penalty for late filing in order to encourage timely filing, and not to provide an alternate method for an unemployed claimant to collect benefits on an interim basis after being denied benefits on the merits at the earlier stages of the administrative proceeding. The statute, moreover, makes no reference to payment of interim benefits. Finally, it is illogical to construe the amendment as requiring a trial de novo, as the Administrator contends, when the record is not timely filed. The import of the amendment was to speed up the judicial review which is confined to questions of law, rather than to broaden the scope of judicial review to retry issues of fact which have already been litigated.