KNOLL, Judge.
The State of Louisiana through the Department of Labor, Office of Employment Security (hereafter administrator) and Morris & Associates, the claimant’s former employer, appeal the judgment of the trial court which reversed the decision of the *732 Board of Review, and awarded employment compensation benefits to Jackie Thompson (hereafter claimant).
The trial court ruled that the administrator failed to timely submit the administrative record, that Morris & Associates filed no responsive pleadings, and that the law and evidence favored the claimant. Accordingly, the trial court reversed the decision of the Board of Review, and found the claimant qualified for unemployment benefits. The administrator’s motion for new trial, based on the allegation that the trial court’s order, signed when the claimant filed his petition for judicial review, directing the administrator to file the administrative record in a shorter time than that mandated by LSA-R.S. 23:1634, was likewise denied.
The administrator and Morris & Associates contend that the trial court erred: (1) in denying the administrator’s motion for new trial; and, (2) in finding that the claimant was entitled to receive unemployment compensation benefits. We reverse and remand, finding that the judgment of the trial court which found the administrator liable was not based on sufficient evidence, and that Morris & Associates was improperly cast in judgment at this stage of the proceedings.
FACTS
The claimant, a laborer working for Morris & Associates, terminated his employment on January 15, 1987. On February 12, 1987, the Office of Employment Security issued a determination disqualifying him for benefits because he left work without good cause connected with his employment. On March 12, 1987, the administrative law judge affirmed the earlier determination. On April 10, 1987, the Board of Review affirmed the prior administrative decisions which denied unemployment compensation benefits.
The claimant, citing the administrator and his former employer as defendants, then filed a petition for review with the district court on April 16, 1987. Upon filing of the claimant’s petition, the trial court ordered the administrator to file in the court a transcript of the administrative proceeding of the claimant’s case before May 27, 1987.
The record shows that on August 26, 1987, the trial court rendered judgment in favor of the claimant and against the administrator and Morris & Associates, specifically noting in the judgment:
“Considering the petition for review filed by plaintiff in this cause and further considering that Morris & Associates, the employer, has failed to file response to the petition for review, and on further considering that the State of Louisiana has failed to comply with the Order of this Court to file in the record of this proceeding on or before May 27, 1987 a transcript of the administrative proceeding, and the Court finding the law and evidence to be in favor hereof and for the oral reasons assigned: ...”
On September 4, 1987, approximately a week after judgment was rendered, the administrator answered the claimant’s petition for judicial review, and filed a certified copy of the administrative record.
ADMINISTRATOR’S MOTION FOR NEW TRIAL
The administrator argues that the trial court should have granted the motion for new trial because the date set by the trial court for the filing of the administrative record was not in conformity with LSA-R. S. 23:1634, and there was insufficient evidence upon which to grant judgment in favor of the claimant.
LSA-C.C.P. Art. 1973 provides that the trial court may grant a new trial if there exists good grounds therefor. A proper application' of this article necessitates an examination of the facts and circumstances of the individual case. Lamb v. Lamb, 430 So.2d 51 (La.1983). When the trial court is convinced by its examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Id. The trial court has much discretion regarding the determination of whether to order a new trial, and an appellate court will not set aside the ruling of the trial court unless there is a manifest *733 abuse of discretion. Hardy v. Kidder, 292 So.2d 575 (La.1974).
LSA-R.S. 23:1634(A) provides:
“Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.”
The administrator first contends that the trial court improperly set a return date for the filing of the administrative record of this case which was less than 60 days after , it was served. Although we agree that the trial court was powerless to set an earlier filing date, since the administrator ultimately filed the administrative record well beyond the 60 day period, we find this issue moot.
Nevertheless, we find that the Supreme Court’s recent pronouncements in Toney v. Whitfield, 531 So.2d 445 (La.1988), particularly applicable to the case sub judice. In Toney the Supreme Court discussed what constitutes “sufficient evidence” to support a judgment directing payment to the claimant when the administrator fails to timely file the administrative record. At pages 448 and 449 of the Toney decision, the Supreme Court stated:
“As regards the vagueness argument, the first issue is what constitutes ‘sufficient evidence’ to justify the award of Section 1634(A) benefits. Section 1634(B) mandates that proceedings for benefits under this section are to be limited to questions of law, without the taking of additional evidence by the district court, and heard in a summary, expedited proceeding. When the notice of judicial review is filed in the district court the claimant has already had his claim reviewed at two administrative levels. Previously made available to the parties or counsel was the Appeals Referee’s decision containing a case history, findings of fact and opinion; and the decision of the Board of Review. These documents can be made available to the district court. All that is not available is the transcript of the hearing conducted before the referee. In considering the award of benefits under Section 1634(A), the district court is confined to the review of questions of law presented by the claimant as they exist at the time the rule for these benefits is filed.”
Applying these standards to the case sub judice, we find, after carefully reviewing the record, that no evidence of the kind referred to in Toney was presented by the claimant to the trial court which- would support judgment against the administrator. Accordingly, we reverse the judgment of the trial court which found the administrator liable. Since the administrator has now filed the entire record with the district court, LSA-R.S. 23:1634(A) is no longer applicable. Therefore, we remand this case for final determination of the claimant’s denial of benefits on the administrative levels.
EMPLOYER’S LIABILITY
We now address that part of the trial court’s judgment which cast Morris & *734 Associates, the claimant’s employer, liable for unemployment compensation benefits for failure to file responsive pleadings to the claimant's petition.
In Toney, supra at page 449, the Supreme Court further stated:
“[T]he benefits [awardable under Section 1634(A)] should not exceed the maximum otherwise awardable under Section 1591 et seq. and should not be awarded for a number of weeks greater than the time it takes for the administrator to file the complete record from the date of the expiration of the sixty day period. Since the employer is not charged with these benefits [i.e., those awarded under Section 1634(A) J, it is unnecessary for him to participate in these proceedings. A determination by the district judge to award Section 1634(A) benefits does not constitute a decision on the merits once the entire record is filed.” (Emphasis added.)
Under this language, it is clear that proceedings under LSA-R.S. 23:1634(A) and (B) are separate and distinct. It is likewise evident that a judgment directing payment of benefits to the claimant against the administrator under Section 1634(A) does not affect the employer, and is not a decision on the merits, such judgment being effective against the administrator only until such time that the administrator files the administrative record in the trial court. On this basis, we find that the trial court’s inclusion of Morris & Associates in the judgment is premature. Toney, supra. Accordingly, we also reverse the judgment as it pertains to Morris & Associates, and remand this case to the trial court for adjudication in light of the administrative record which the administrator filed in the trial court on September 4, 1987.
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for a decision on the merits.
REVERSED AND REMANDED.