JgGONZALES, J.
FACTS AND PROCEDURAL HISTORY OF THE CASE[2]
The plaintiff, Valerie M. Sims, on October 27, 1999, filed a suit against Blue Cross/Blue Shield (Blue Cross), seeking review of a decision by the Louisiana Board of Review which denied her unemployment benefits.
On November 22, 1999, a peremptory exception of nonjoinder of a required party was filed by Blue Cross, asserting that Ms. Sims had failed to join the Secretary of the Department of Labor (Department) as a party to the lawsuit as required by La.R.S. 23:1634.
Apparently, based on the belief that an answer and an amended answer had been filed, a minute entry in the record shows that on January 10, 2000, at a hearing on the exception, Ms. Sims and Blue Cross agreed to stipulate that an amended answer had been filed (although no such answer appears in the record), mooting the exception. Therefore, Blue Cross withdrew the exception. The minute entry does not reflect that the Department was present or had any knowledge of the hearing.
Thereafter, on March, 14, 2000, an order/judgment was signed ex parte by the trial court judge, awarding Ms. Sims unemployment benefits, without hearing any evidence, apparently based on the failure of the Department to furnish administrative records within the time required by *8 law. At that time, the Department still had not been served.
A second order/judgment, dated March 30, 2000, was signed ex parte by the trial court judge, again without hearing any evidence, although the Department had still not been served, reversing the Board of Review and again ordering that unemployment benefits be paid, due to the failure of the Department to furnish the administrative records.
On April 26, 2000, after both of these orders/judgments had been signed, the Department filed an answer to the petition, asking that the decision of the Board of | c,Review be reversed. (The trial court had already reversed the decision of the Board of Review, not upon the merits of the claim, but on a failure to file the administrative record.)
Thereafter, on June 12, 2000, the Department filed a motion and order for de-volutive appeal of the trial court judgments which awarded Ms. Sims benefits. The trial court judge signed the order granting the devolutive appeal on June 15, 2000. That appeal is the matter now before this court.
Thereafter, despite the fact that the trial court no longer had jurisdiction over the case (based on the appeal taken by the Department), on January 28, 2001, the Department filed a motion and order for extension of time for filing of administrative records with the trial court.[3] On that date, the trial judge signed the order, granting the Department an additional forty-five days to file the administrative record in the matter for judicial review.
Thereafter, Ms. Sims filed a writ with this court, asking that the appeal be dismissed. This court denied the motion to dismiss and maintained the appeal, stating “[Bjased on the appellate record, notice of judgment was not sent to the parties. Accordingly, the appeal delays have not yet begun to run and, therefore, the appeal was timely filed.” Sims v. Blue Cross Blue Shield, No.2000 CA 1904 (La.App. 1 Cir. 3/23/01).
Thereafter, on September 13, 2001, the Department of Labor filed a motion to dismiss its own appeal in this court (apparently realizing that the trial court had granted the result it had wanted, but for the wrong reasons, and had awarded the wrong type of relief.) The Department stated:
Plaintiff, Valerie Sims, filed a Petition for Judicial Review on October 27, 1999. On March 13, 2000, plaintiff moved for the granting of unemployment Benefits, due to the administrator’s failure to timely file the administrative record.
[/The Honorable Judge Alvin Turner Jr., of the 23rd Judicial District Court signed the orders granting benefits on March 14, 2000 and March 30, 2000. Judge Turner’s decision was on the merits of the case, thus it was prematurely signed prior to the filing of the administrative record. The administrator then filed an Amended Order to reflect that only Interim Benefits should be granted. The Amended Order was not timely signed by Judge Turner, so the administrator filed the ensuing appeal.
Subsequent to the filing of this appeal, Judge Alvin Turner, Jr. of the 23rd Judicial District Court granted the amended order which is the subject of this appeal, (see attached). Therefore, this issue is now moot, and the appeal is no longer necessary.
*9 This motion was referred to the merits of the case.
THE APPLICABLE LAW
Louisiana Revised Statute 23:1634 provides:
A. Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.
B. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record. Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases except cases arising under the workers’ compensation law of this state. An appeal may be taken from the decision of the district court to the ^circuit court of appeal in the same manner, but not inconsistent with the provisions of ■this Chapter, as is provided in civil cases. It shall not be necessary as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the ^mandate of the court. (Emphasis added.)
ANALYSIS
The only issue before this court is the Department’s appeal of the trial court judgment which granted Ms. Sims unem *10 ployment benefits based on the failure of the Department to timely file the administrative record.
The record shows that when the petition was filed by Ms. Sims, the Department was not named as a defendant in the suit and did not receive service of process as required by La.R.S. 23:1684. A judgment was signed by the trial court granting Ms. Sims unemployment benefits, apparently pursuant to La.R.S. 23:1634, which states that if the administrator fails to file the record with the court within the time period provided, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.
The trial court judgment in this case is invalid for several reasons. First, under the statute sued upon, the time period for the Department to file the administrative records with the trial court has not yet even begun to run, because there is no evidence that the Department was ever served with the suit.
The statute provides that the administrative record is to be filed within a sixty-day period which begins to run from the service of the petition upon the Department. Not only was the petition not served upon the Department, but there is no evidence in the record that anyone was ever served with anything.
| fiSecond, no opportunity for a hearing was given to the defendant, Blue Cross, and no evidence was introduced before a judgment was rendered against Blue Cross.[4]
Third, the only benefits that can be awarded under these circumstances, because of due process considerations, are limited by the Louisiana Supreme Court decision in Toney v. Whitfield, 531 So.2d 445 (La.1988). In that case, the court found:
However, we do agree with the claimant these benefits can be considered administrative expenses. They arise from an administrative problem, i.e., the failure or inability to produce the record on a timely basis. Since the administrator has under his control two funds for the payment of administrative expenses which are not funded by taxes levied against the employers, this provision is susceptible to a construction which is reasonably related to the objective of the amendment and is, therefore, constitutional.
There are a total of four funds under the control of the administrator. The Unemployment Compensation Fund, established by La.R.S. 23:1491, is funded by employer contributions and is the source of payment of benefits. The Social Charge account, established by La. R.S. 23:1553, is funded by the annual surcharge tax on employers and covers the expenses resulting from the erroneous payment of benefits. The Employment Security Administration Fund, established by La.R.S. 23:1511, is funded by money appropriated by the state and the federal government for the payment of administrative expenses deemed necessary and proper by the United States Department of Labor. The last is the Special Employment Security Administration Fund, established by La.R.S. 23:1513, and is funded by interest, fines and penalties collected from employers. This fund is available to pay administrative expenses not otherwise appropriate *11 according to the Department of Labor under § 1511.
Payments of awards under § 1634(A) should be restricted to the administrative expense funds, at least until there has been a final judicial determination of the claim. If the claimant is ultimately successful, these payments should then be charged to the Unemployment Compensation Fund and the employer’s rating. If the claimant is ultimately unsuccessful the administrator may seek from him recovery of the amount paid, in accordance with R.S. 23:1713. By restricting payment to these funds the provision has been construed in a manner reasonably related to the objectives contemplated by the legislature.
The administrator argues these payments cannot be levied against the administrative funds. First, only those expenses deemed proper and appropriate by the Department of Labor can be charged to the § 1511 Employment Security Administration Fund. Second, these payments cannot be charged to the Special Employment Security Administration Fund because these monies “shall at no time be considered to be a part of the unemployment compensation fund.” La.R.S. 23:1513. Further, §171472(15) specifies the Unemployment Compensation Fund to be the source of payment for all benefits. We disagree.
Under our interpretation of this statute, these payments are unique administrative expenses. We have found nothing in our review of the federal legislation which prohibits this interpretation. 42 U.S.C.A. § 503 (West 1983 & Supp.1988). In the event the Department of Labor determines this not to be the case, the § 1513 fund is available for payment of administrative expenses disqualified by that federal agency. Similarly, the argument fails with respect to the Special Employment Security Administration Fund of § 1513. Although the payments in § 1634(A) have been styled as “benefits,” the legislature has implicitly treated them as administrative expenses. We deem it to have been the implied intent of the legislature that any benefits paid pursuant to § 1634(A) would be paid out of the funds described in § 1511 and/or § 1513.
The administrator also contends the amendment violates procedural due process because it is unconstitutionally vague. Citing State of Louisiana in the Interest of Hunter, 387 So.2d 1086 (La.1980), he argues there is a lack of standards for conducting a hearing on § 1634(A) benefits or for determining the size of the award.
Although the provision is vague, when construed in a manner consistent with its objectives and the social purposes of the Unemployment Compensation legislation as a whole, it is not unconstitutionally so.
As regards the vagueness argument, the first issue is what constitutes “sufficient evidence” to justify the award of § 1634(A) benefits. Section 1634(B) mandates that proceedings for benefits under this section are to be limited to questions of law, without the taking of additional evidence by the district court, and heard in a summary, expedited proceeding. When the notice of judicial review is filed in the district court the claimant has already had his claim reviewed at two administrative levels. Previously made available to the parties or counsel was the Appeals Referee’s decision containing a case history, findings of fact and opinion; and the decision of the Board of Review. These documents can be made available to the district court. All that is not available is the transcript of the hearing conducted *12 before the referee. In considering the award of benefits under § 1634(A), the district court is confined to the review of questions of law presented by the claimant as they exist at the time the rule for these benefits is filed.
The second area of vagueness concerns the discretion which should be exercised by the district judge in awarding these benefits. Although the statute lacks standards, the benefits should not exceed the maximum otherwise awarda-ble under § 1591 et seq. and should not be awarded for a number of weeks greater than the time it takes for the administrator to file the complete record from the date of the expiration of the sixty day period. Since the employer is not charged with these benefits, it is unnecessary for him to participate in these proceedings. A determination by the district judge to award § 1684(A) benefits does not constitute a decision on the merits once the entire record is filed.
[«CONCLUSION
For the reasons set forth above, our original opinion is vacated and set aside, the judgment of the district court is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.
Toney v. Whitfield, 531 So.2d at 447-449.[5]
Perhaps there are important documents missing from this record, but this court can only act on the record lodged in this case. This court has limited authority to make sure that the lower court and the parties have presented a correct and complete record.
For the foregoing reasons, the judgment of the trial court is REVERSED. The Department’s motion to dismiss based on its assertion that this appeal is moot is DENIED. Costs are assessed against Ms. Sims.

. We note the record in this case is confusing because several documents appear to be incorrectly dated.

. Although the order is dated January 28, 2000, it is stamped by the 23rd Judicial Clerk of Court as received and filed on January 28, 2001, which appears to be the correct date. The index of the record, which reflects the 2000 date, appears to be incorrect.

. We do not reach a consideration of whether the provisions of La.C.C.P. art. 1704 are applicable to this case. Our determination in this case is based on a complete failure to meet the provisions of La.R.S. 23:1634, and it is unnecessary to address the issues raised by La.C.C.P. art. 1704.

. Under La.C.C.P. art. 1201, citation and service of process are essential, and without them, the proceedings are absolutely null. Metro Riverboat Associates, Inc. v. The Louisiana Gaming Control Board, 01-0185, p. 7 (La. 10/16/01), 797 So.2d 656, 661. This rule is applicable to named defendants. The problem in this case is the Department was not named as a defendant. The due process issues raised in this case by the failure to notify are not addressed in Toney v. Whitfield, 531 So.2d 445, nor axe they addressed in our present ruling.